HEARD NOVEMBER TERM, 1873.

## COCHRAN *vs.* DARCY.

The homestead exemption allowed by the State Constitution of 1868 is, under the constitutional inhibition that "no State shall pass any law impairing the obligation of contracts," void as to debts arising out of contracts made before the State Constitution was adopted.

*In re. Kennedy,* 2 S. C., 216, upon above point, overruled upon the authority of *Dunn* vs. *Barry,* 15 Wal., 610.

Upon questions arising under the United States Constitution the State Courts must conform their decisions to those of the Supreme Court of the United States.

Legal State remedies, existing at the time and place where a contract is made, form part of its obligation, and only such changes of the remedies can be made as do not impair substantial rights under the contract.

BEFORE GRAHAM, J., AT CHARLESTON, AUGUST, 1873.

Cochran held two judgments against Darcy, recovered in June and October, 1872, on contracts made between the parties in December, 1867.

· The Sheriff refused to enforce the executions by sale of a house and lot in Charleston, where Darcy resided, and which he claimed as his homestead, he being the head of a family, and this was a rule on the Sheriff to compel him to enforce them.

His Honor held, under the authority of *In Re. Kennedy*, 2 S. C., 216, that the homestead was exempt from levy and sale, and dismissed the rule.

Cochran appealed.

*Rutledge & Young*, for appellants, relied mainly upon *Dunn* vs. *Barry*, 15 Wal., 610.

*Corbin & Stone*, contra.

March 12, 1874.   The opinion of the Court was delivered by

MOSES, C. J.   These cases involve the judgment of this Court— *In Re. Kennedy*, 2 S. C., 216—and seek to reverse it, under the authority of *Gunn* vs. *Barry*, decided by the Supreme Court of the United States, at December Term, 1872, 15 Wallace, 610.

It is true, as submitted by the respondent, that, in *Gunn* vs. *Barry*, the question directly made was as to the effect of a homestead exemption on a judgment obtained before its allowance by the Constitution and Act of the General Assembly of the State of Georgia, still it is so apparent that, in the view of the Court, the retrospective operation of such provision against all previous contracts was void, because in violation of the 10th Section of the 1st Article of the Constitution of the United States, which declares " that no State shall pass any law impairing the obligation of contracts," that we feel bound to regard the opinion as expressive of the views of the Court, to the full extent to which the reasons which it assigns may carry it.

A respect to the duty which we owe to the highest judicial tribunal of the country, as well as to ourselves, requires that we should not only give to the decision all proper effect in the case, as presented by the facts, but that we should accept the argument of the opinion, as it affects the general question involved in its judgment.

We yield a ready assent to what Mr. Justice Grier says, in *Cook* vs. *Moffat*, 5 Howard, 308 : " The. Constitution of the United States is the supreme law of the land, and binds every forum, whether it derives its authority from a State or from the

United States. When this Court has declared State legislation to be in conflict with the Constitution of the United States, and, therefore, void, the State tribunals are bound to conform to such decision."

The Constitution of Georgia declared that each head of a family should be allowed a certain amount of realty, as well as of personalty, and that no Court or ministerial officer should ever have jurisdiction or authority to enforce any judgment, decree or execution against such property, except for taxes, &c. The Legislature of the same State, in October, 1868, passed an "Act to provide for setting apart the homestead as required by the Constitution." In the cases before us the exemption was claimed, under the Constitution and Acts of the General Assembly of this State, which, except as to the amount of homestead allowed, and the prohibition of jurisdiction by the Courts, were of the same character as those provided by the Constitution and laws of Georgia. In the application of the principles which are to govern their enforcement, as proposed by the two States, no difference can be found to exist. The emphatic language of the opinion bears directly upon the general power of the State to withdraw from a contract any substantial right which attached to it at its inception, and must be viewed and accepted as the expression of the Court in regard to all homestead exemptions. It is in these words : " The legal remedies for the enforcement of a contract which belong to it at the time and place where it is made, are a part of its obligation. A State may change them, provided the change involve no impairment of a substantial right. If the provisions of the Constitution, or the legislative Act of a State, fall within the category last mentioned, they are, to that extent, utterly void. They are, for all the purposes of the contract which they impair, as if they had never existed. The constitutional provision and statute here in question are clearly within that category, and are, therefore, void."

The contracts on which these actions are founded were entered into before the adoption of our Constitution, and we can perceive in them no element, in regard to the homestead law, which withdraws them from the principles announced in *Gunn* vs. *Barry.*

The motions are granted, and the cases remanded to the Circuit Court.

*Wright,* A. J., and *Willard,* A. J., concurred.