0004

James A. WILLIS, Respondent, v. FLOYD BRACE CO., INC., Appellant.

(309 S. E. (2d) 295)

Court of Appeals

*Joseph R. Young,* of *Young, Clement, Rivers & Tisdale,* Charleston, *for appellant.*

*Arnold S. Goodstein,* of *Goodstein, Bowling, Douglas & Philips,* Charleston, *for respondent.*

Nov. 14, 1983.

SANDERS, Chief Judge.

This is an action for personal injuries suffered by respondent Willis, allegedly resulting from a defective leg brace manufactured and supplied to him by the appellant Brace Company. Trial of the case resulted in a jury verdict for both actual and punitive damages. The Brace Company appeals, contending it is not liable for either damages as a matter of law. We affirm.

In deciding this case on appeal, we are bound by the ■ scope of review repeatedly prescribed by our Supreme Court in interpreting Article V, Section 5 of the South Carolina Constitution. This is most succinctly stated in the landmark decision of *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976):

> In an action at law, on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to the correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings. *Odom v. Weathersbee*, 225 S. C. 253, 81 S. E. (2d) 788 (1954).

The principle of law was quoted again in *Stevens v. Sun Publishing Company*, 270 S. C. 65, 240 S. E. (2d) 812, 814, cert. denied 436 U. S. 945, 98 S. Ct. 2847, 56 L. Ed. (2d) 786 (1978). In an appeal of this nature, the weight of the evidence presented at trial is not at issue. The issue before this Court is whether or not there is any evidence in the record which would reasonably support the contentions of the party prevailing at trial. *Tisdale v. Kerr McGee Chemical Corporation*, 266 S. C. 64, 221 S. E. (2d) 531 (1976). It was further stated in *Bell v. Harrington Manufacturing Company*, 265 S. C. 468, 219 S. E. (2d) 906, 908 (1975):

> It is well established that reversal of a jury's verdict can only result when the only reasonable inference from evidence is contrary to the factual finding implicit in the verdict. (Citing *Parnell v. Carolina Coca-Cola Bottling Company*, 231 S. C. 426, 98 S. E. (2d) 834 [1957] ).

It is therefore our task simply to review the record of the

trial court and determine whether or not there was any evidence supporting the jury verdict. We find the evidence as follows:

Willis, who had been crippled for most of his life by polio, testified that he purchased the brace in question from the Brace Company who fabricated it for him according to a prescription given by his medical doctor. He testified further that he later found the brace did not work properly, in that a certain lock which was supposed to secure the brace automatically when he straightened his leg to stand, did not always catch. Willis went on to testify that he took the brace back to the Brace Company and asked them to correct the problem, stating he was afraid the failure of the brace to lock would "throw" him forward and break his leg. According to Willis, the Brace Company always responded by telling him there was nothing wrong with the brace. Finally, Willis testified that there came a time when, as he had feared, the brace failed to lock upon his getting out of a car and caused him to fall and break his leg.

Willis also called an expert witness to testify in support of his allegation that the brace was defective. This expert held, among other positions, the directorship of Prosthetics and Orthotics at the University of Alabama. He testified that he had examined the brace and found it to be defective in that component parts of its locking mechanism were not properly aligned, causing it to sometimes fail in locking as it should. The expert further testified that, in his opinion, this misalignment existed prior to the time Willis fell. He described in some detail how he reached this conclusion by reference to certain scoring marks on the brace. In conclusion, the expert testified that "a good technician" should be able to make a proper adjustment of the brace. Finally, Willis' medical doctor testified that, in his opinion, Willis would not have fallen if the brace had locked.

In our view, this evidence supports the finding implicit in the jury verdict that the Brace Company was at least negligent. This evidence also supports a finding that such negligence was the proximate cause of Willis' injuries.

Proximate cause is the efficient or direct cause of an injury. Negligence is deemed to be the proximate cause of an injury when, without such negligence, the injury

would not have occurred or could have been avoided. *Hughes v. The Children's Clinic, P.A.*, 269 S. C. 389, 237 S. E. (2d) 753 (1977). The issue of proximate cause may be resolved by direct or circumstantial evidence. *Mahaffey v. Ahl*, 264 S. C. 241, 214 S. E. (2d) 119 (1975).

The Brace Company argues next that Willis was contributorially negligent as a matter of law in not checking the leg brace and not locking it manually before attempting to stand. In support of its contention, the Brace Company calls attention to certain testimony that Willis did not hear a "click" when he extended his leg, and argues he should have manually verified that the automatic lock had engaged.

There was, however, conflicting testimony on this issue. Willis' expert, as well as an expert called by the Brace Company, testified that the presence of a click when the brace is extended does not necessarily establish that its lock has engaged. In this regard, Willis' expert further testified that "a person wouldn't listen for it all the time. It (the brace) is worn inside the trousers." This expert and another did testify that they would advise a person to check to see if his brace was locked, and a Brace Company employee said that he so advised Willis. However, Willis himself, who had 30 years' experience wearing a brace, testified to the contrary, saying that based on his familiarity with the locking mechanism of a brace, his actions were sufficient to engage the automatic lock and he was satisfied he had done so. Willis also testified that when he bought the brace from the Brace Company, he paid extra to get an automatic lock rather than a cheaper model which had to be engaged manually.

The question of whether a person is guilty of contributory negligence must be determined by considering all the relevant circumstances. Where, as here, evidence on the issue is susceptible of more than one reasonable inference, the case must be determined by the jury. *Toole v. Salter*, 249 S. C. 354, 154 S. E. (2d) 434 (1967).

Next, the Brace Company contends there was no competent evidence the brace was defective when it left the Company's control. We disagree. There was testimony that Willis discovered the brace's locking mechanism was not working soon after he purchased it from the Brace Company and returned it

on at least four occasions, thereby giving the Company several opportunities to fix it.

Furthermore, as previously discussed, there is evidence the lock was defective prior to Willis' fall and injury. It is our view that this evidence was sufficient for the jury to reasonably infer the brace was defective when it left the Brace Company.

Finally, the Brace Company contends that the record ■ does not contain evidence of its willful and wanton misconduct, or gross negligence to support the jury's verdict for punitive damages. The South Carolina rule as to punitive damages has been stated as follows:

> Punitive damages are awarded for the purpose of punishing a tort feasor for such an exhibition of recklessness or negligence as evidences malice or the *conscious disregard* of the rights of others. (Emphasis added).

*American Oil Co. v. Colonial Oil Co.*, 130 F. (2d) 72, 77 (4th Cir.) cert. denied 317 U. S. 679, 63 S. Ct. 159, 87 L. Ed. 545 (1942) citing *Galloway v. General Motors Acceptance Corporation*, 106 F. (2d) 466, 468 (4th Cir. 1939). *See also Hinson v. A. T. Sistare Construction Company*, 236 S. C. 125, 113 S. E. (2d) 341 (1960) (conscious invasion of another's rights); *Cox v. Coleman*, 189 S. C. 218, 200 S. E. 762 (1939) (conscious indifference to the rights of others).

The record contains poignant testimony by Willis on ■ the issue of "conscious disregard." He described the response he received on the last of the several occasions he attempted to return the brace, asking that its lock be repaired:

> I told him the brace wasn't worth the money it cost, that it was hanging up, and he got mad with me, and he asked me what did I want him to do? Put headlights on the brace? And I told him no, I didn't. I just wanted the brace to be fixed because I didn't want my leg to be broke, or anything. The only other thing he said was — he asked me who was the professional, me or him? And he is supposed to be the professional.

This testimony, coupled with the other evidence that Willis repeatedly took the brace back asking it to be repaired and

was always told there was nothing wrong with it, is adequate in our view to support the verdict for punitive damages.

Finding no error, the judgment for respondent is

Affirmed.

GARDNER and BELL, JJ., concur.