0132

Matha Lee Blanton CAUSEY, Respondent, v. Jack BLANTON, Appellant.
(314 S. E. (2d) 346)

Court of Appeals

*H. E. McCaskill,* Conway, *for appellant.*

*Stevens, Stevens, Thomas, Hearn & Hearn,* Loris, *for respondent.*

March 19, 1984.

GOOLSBY, Judge:

The respondent Matha Lee Blanton Causey brought a conversion action against her brother, the appellant Jack Blanton. A jury returned a verdict in her favor in the amount of $2,800 actual damages. Mr. Blanton appeals. We affirm.

The issues on appeal relate to the sufficiency of the evidence as to conversion and the failure of the trial court to grant a new trial based on the amount of the verdict.

According to the complaint, the parties' father died testate on April 28, 1976. Item IV of his will directed that all his property be held in trust by Mrs. Causey for the purpose of providing support for his wife, the mother of both Mrs. Causey and Mr. Blanton. The item further provided that upon the wife's death the trust would terminate and the property which remained would vest in Mrs. Causey.

Sometime after the father died, the complaint alleges, Mr. Blanton and his wife moved into the testator's house. They cared for the testator's wife until her death in 1979. Shortly afterward, Mrs. Causey demanded that Mr. Blanton surrender to her the personal property in his possession that had once belonged to their father. He would not do so, she alleges.

Mr. Blanton maintains that the trial court erred in denying his motions for a directed verdict and judgment *non obstante veredicto (n.o.v.).* The evidence, he says, is insufficient to establish "that she enjoyed title to the items of personal property claimed and [a] right [to] its possession."

It is, perhaps, axiomatic that in considering the propriety of the refusal to grant motions for a directed verdict and judgment *n.o.v.* an appellate court must consider the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the prevailing

party. *Johnson v. Williams*, 238 S. C. 623, 121 S. E. (2d) 223 (1961); 3 WEST'S SOUTH CAROLINA DIGEST, Appeal and Error, Key No. 927(3) (1952). Moreover, in reviewing a jury's verdict in an action at law, this court's scope of review is limited to ascertaining whether any evidence exists which reasonably supports the jury's findings. *See Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976); *Willis v. Floyd Brace Co., Inc.*, S. C., 309 S. E. (2d) 295 (S. C. App. 1983). We cannot weigh the evidence in a law case. *Parnell v. Carolina Coca-Cola Bottling Co.*, 231 S. C. 426, 98 S. E. (2d) 834 (1957); *Riser v. Industrial Life & Health Ins. Co.*, 179 S. C. 437, 184 S. E. 148 (1936).

The wrongful detention of another's personal property may give rise to an action for conversion. *Owens v. Andrews Bank & Trust Co.*, 265 S. C. 490, 220 S. E. (2d) 116 (1975); *Castell v. Stephenson Finance Co.*, 244 S. C. 45, 135 S. E. (2d) 311 (1964). One who deprives another of possession of his or her property can be held liable for damages. *Young v. Corbitt Motor Truck Co.*, 148 S. C. 511, 146 S. E. 534 (1929). To prevail in a conversion action, the plaintiff must prove either title to or a right to possession of the personal property at the time of the conversion. *Robinson v. Saxon Mills*, 124 S. C. 415, 117 S. E. 424 (1923).

While there is ample evidence in the record that supports the conclusion that Mr. Blanton did not convert any property which Mrs. Causey had title to or a right to possess, there is also sufficient evidence in the record that supports the conclusion that Mr. Blanton refused "to surrender the possession of goods after demand for possession by one entitled thereto," namely, Mrs. Causey. 18 Am. Jur. (2d) *Conversion* § 43 at 183 (1965). *See Roberts v. James*, 160 S. C. 291, 158 S. E. 689 (1931).

As we noted previously, Mrs. Causey was to hold under her father's will all his personal property in trust for her mother's support until the latter's death at which time the trust was to terminate and she was to receive the property.

Mrs. Causey testified at trial that she made a list of the property owned by her father at the time of his death and stored at her mother's home at the time of her death. She further testified that she made two demands upon Mr. Blanton, who occupied the house, to turn the property over to her.

Mrs. Causey stated that she made the first demand after her mother's funeral at a family meeting and the second demand the next morning in the Probate Court's office. Mr. Blanton initially told her, she said, that he and she could settle the matter alone; however, when Mrs. Causey requested the property the following day, Mr. Blanton informed her that the property was not hers but "belonged to Mama." He also forbade her to go over to his house, she stated. Mrs. Causey valued the property appearing on her list at $8,255.

Although there was evidence that some of the property had been given to various family members with Mrs. Causey's knowledge and approval, Mr. Blanton and his wife in their testimony acknowledged that several pieces of the property were in storage at his home; and Bill Blanton, a brother of the parties, testified that "right much" of the property on Mrs. Causey's list was in Mr. Blanton's apartment and garage.

The trial court, therefore, properly submitted to the jury the questions concerning Mrs. Causey's right to possession of the property, Mr. Blanton's refusal to deliver the property and the value of the property.

Mr. Blanton argues that the verdict of $2,800 was so excessive as to evidence caprice, passion, or prejudice by the jury. *See Young v. Warr*, 252 S. C. 179, 165 S. E. (2d) 797 (1969); *Doremus v. Atlantic Coast Line R.R. Co.*, 242 S. C. 123, 130 S. E. (2d) 370 (1963). He is entitled, he claims, to a new trial or a new trial *nisi*.

South Carolina has long embraced the rule that the measure of damages in an action for conversion is the value of the property with interest and that the jury may award the highest value up to the time of trial. *Industrial Welding Supplies Inc. v. Atlas Vending Co., Inc.*, 276 S. C. 196, 277 S. E. (2d) 885 (1981); *Royal-Liverpool Ins. Group v. McCarthy*, 229 S. C. 72, 91 S. E. (2d) 881 (1956); *Young v. Corbitt Motor Truck Co., supra*. Considering the value which Mrs. Causey placed upon each item which she claimed Mr. Blanton converted, the amount of the verdict is well supported by the evidence.

For the reasons given, the judgment is

Affirmed.

GARDNER and CURETON, JJ., concur.