0528

Rexford H. HUNT, Jr., Respondent, v. B. A. JORDAN, III, and Chuck D. G.
Hembree, d/b/a Carolina Timber Company, Appellants.

(333 S. E. (2d) 569)

Court of Appeals

*James L. Mann, II,* and *Sharon McCain Rickborn,* Columbia, *for appellants.*

*James M. Brailsford, III, of Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford,* Columbia, *for respondent.*

Heard May 21, 1985.

Decided July 24, 1985.

SHAW, Judge:

Respondent Rexford H. Hunt, Jr., brought this action for trespass and conversion against his neighbor, appellant B. A. Jordan, III, and Jordan's timber cutter, Chuck D. G. Hembree. The circuit court directed a verdict for Hunt as to actual damages, leaving the determination of which defendant was liable and the amount of his liability to the jury. The jury returned a verdict against Jordan for $15,000 actual and $7,500 punitive damages. We affirm.

"In an action at law ... tried by a jury, the jurisdiction of this court extends [only] to the correction of errors of law[;] a factual finding [by] the jury will not be disturbed unless ... the record [contains] no evidence ... reasonably support[ing it]." *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976); *see Willis v. Floyd Brace Co.,* 279 S. C. 458, 309 S. E. (2d) 295, 297 (Ct. App. 1983).

Hunt owns an 18-acre tract of woodland east of Cedar Creek. Jordan owns woodland east of Hunt's tract. Hembree testified Jordan (1) hired him to cut timber; (2) told him to cut all the way to the creek several times — before and during the logging, on and off the site; (3) watched him "flag a line" to the creek and said it was "about right"; and (4) gave him a sketch showing ownership to the creek, but refused to give a plat. However, Jordan testified repeatedly he gave a plat because he did not know his property line.

I

Jordan excepts to the court's denial of his motion for directed verdict as to liability on the ground there is no evidence Hembree was his agent.

We disagree. There was sufficient evidence Jordan controlled Hembree to give the question to the jury. *Easler v. Hejaz Temple,* _____ S. C. _____ , 329 S. E.

(2d) 753, 756 (1985) (agency hinges on control); *Hunter v. Hyder*, 236 S. C. 378, 114 S. E. (2d) 493, 497 (1960) (agency is jury question).

Moreover, even if Hembree was an independent contractor, Jordan would not be entitled to directed verdict so long as there was evidence from which the jury could conclude he (1) "ratified or adopted as his own the particular act which produced the injury in suit," *Hunter*, 114 S. E. (2d) at 500 (quoting 27 Am. Jur. *Independent Contractor* § 37 (19____)); or (2) "participate[d] in [the tort] by accepting the benefits of it after knowledge that it had been committed," *Hunter*, 114 S. E. (2d) at 501 (quoting *Abbott v. Sumter Lumber Co.*, 93 S. C. 131, 76 S. E. 146, 151 (1912) (dissent)).

## II

Jordan also excepts to the court's denial of his motion for directed verdict as to punitive damages on the ground there is no evidence he recklessly disregarded Hunt's rights.

We disagree. The following evidence was sufficient for the jury to find an ordinary person would have been conscious he was invading another's rights: (1) Hunt's timber could not be seen from the road, (2) Hunt's timber was of superior quality, (3) Hunt's timber was clear cut, (4) Jordan knew Hunt was living in Walterboro, and (5) Jordan told Hembree to stop right at his other neighbor's line.

Punitive damages can be recovered for (1) trespass "when a defendant's acts have been willful, wanton or in reckless disregard of the rights of another," *Fox v. Munnerlyn*, 283 S. C. 490, 323 S. E. (2d) 68, 69 (Ct. App. 1984); and (2) conversion when a defendant's acts have been "reckless ... with conscious indifference to the ... rights" of another, *Green v. Waidner*, ____ S. C. ____ , 324 S. E. (2d) 331, 333 (Ct. App. 1984). The test for this standard of conduct "is whether [the trespass or conversion] has been committed in such a manner or under such circumstances that [an ordinary person] would ... have been conscious of it as an invasion of [another's] rights." *Rogers v. Florence Printing Co.*, 233 S. C. 567, 106 S. E. (2d) 258, 263 (1958).

Affirmed.

CURETON and GOOLSBY, JJ., concur.