23329

The OXFORD FINANCE COMPANIES, INC., Respondent v. Robert A. BURGESS d/b/a Statesburg Mobile Home Park, Appellant.

(402 S.E. (2d) 480)

Supreme Court

*M.M. Weinberg, III* of *Weinberg, Brown and McDougall,* Sumter, *for appellant.*

*Brian C. Pitts* of *Bowen and Smoot,* Hilton Head Island, *for respondent.*

Heard Nov. 26, 1990.

Decided Feb. 4, 1991.

TOAL, Justice:

This appeal involves whether a landlord has priority to possession of a mobile home over a purchase money security interest holder. The circuit court held the purchase money in-

terest holder was entitled to possession of the mobile home. We affirm.

## FACTS

On November 13, 1986, Lawrence Pruitt and Kelly Pruitt (Tenants) entered into a lease with Robert A. Burgess (Landlord) to rent a lot upon which to place a mobile home. The lease requires a payment of $85.00 per month, is silent as to its term, and requires thirty (30) days notice by the Tenants for its termination.

On November 15, 1986, the Tenants purchased a mobile home from Conner Mobile Homes. On the same day, the Tenants executed a Purchase Money Note and Security Agreement which, among other things, granted the seller a security interest in the mobile home. Oxford Finance Companies, Inc. (Oxford), by reason of various transfers, became the holder of the Purchase Money Note and Security Agreement. A certificate of title covering the mobile home was recorded with the South Carolina Department of Highways and Public Transportation on March 27, 1987.

On March 28, 1989, the Tenants vacated the premises without providing notice to Oxford or to the Landlord. The Tenants defaulted under the Purchase Money Note and Security Agreement by failing to pay installments when due. The Tenants also became delinquent on their rent becoming due on April 1, 1989.

After the Tenants' departure, Oxford requested possession of the mobile home from the Landlord, who refused to turn over possession. The Landlord claimed he was entitled to the mobile home by virtue of a landlord's lien for past due rent and late charges with priority over Oxford's security interest. The trial court, sitting without a jury, ruled the Landlord had no lien, and even if he did, his lien was subordinate to Oxford's. The trial court also granted judgment for Oxford against the Landlord for claim and delivery and conversion, and transferred the case to the jury roster for a trial as to damages. The Landlord appealed to this Court. We affirm.

## LAW/ANALYSIS

This Court may affirm a lower court ruling upon any grounds appearing in the record, Sup. Ct. Rule 4, § 8, and we

choose to do so here. The Landlord argues he has a lien on the mobile home superior to Oxford's claims pursuant to S.C. Code Ann. § 27-39-50 (1976), and § 27-39-260 (1976). Section 27-39-50 reads:

> No goods or chattels whatsoever, lying or being in or upon any messuages, lands or tenements which are leased, shall be liable to be taken by virtue of an execution or any pretense whatsoever, unless the party at whose suit the execution is sued out shall, before the removal of such goods from off the said premises by virtue of such execution or extent, pay to the landlord of the premises or his bailiff all such sums of money as shall be due for rent for the premises at the time of the taking of such goods or chattels by virtue of such execution not in excess of one year's rent. In case such arrears shall exceed one year's rent, the party at whose suit such execution is sued out, on paying the landlord or his bailiff one year's rent, may proceed to execute his judgment and the sheriff or other officer shall levy and pay to the plaintiff as well the money so paid for rent as the execution money.

Section 27-39-260 states:

> When property distrained for arrears of rent is subject to the lien of a chattel mortgage placed upon such property and recorded before the rent contract was entered upon or before such property was brought upon the rented premises, the landlord may pay the amount due upon such mortgage debt and subject the property to the payment thereof as well as to the payment of the amount due for rent and the tenant shall inform the officer making distress of any such liens. If the landlord declines or fails to pay such mortgage debt the officer shall return such property on which such chattel mortgage may be a lien to the tenant. And if the landlord have actual notice of any unpaid purchase money lien, such lien shall have priority to his claim for rent in the same manner as above provided for certain chattel mortgages.

While these statutes *may* have given the Landlord some rights to the mobile home, both were repealed by Act No. 494

§ 9(A), 1988 S.C. Acts 4115, effective January 1, 1989. In *Taylor v. Murphy*, 293 S.C. 316, 318-19, 360 S.E. (2d) 314, 316 (1987), this Court held:

> The general rule is that the repeal of a statute operates retrospectively, and has the effect of blotting the statute out completely as if it had never existed and of putting an end to all proceedings under it which have not been prosecuted to final judgment. Moreover, where the statute is regarded not as creating a right, but only as providing a remedy where none existed at common law, its repeal has the effect of taking away the remedy for acts or omissions occurring while the statute was still in force.

(citations omitted).

The Landlord contends the decision in *Cochran v. Darcy*, 5 S.C. 125 (1873) advances his cause, and that he had a contractual right that was vested in November of 1986 (when the lease was signed) which may not be affected by repeal of the aforementioned statutes. We disagree and hold *Cochran* is inapposite.

In *Cochran*, the parties entered into two contracts for sums certain in 1867. Upon default by Darcy in 1872, Cochran obtained judgments for the sums due. Meanwhile, the legislature had passed the homestead exemption, and Darcy sought to claim the exemption against Cochran, thereby reducing Cochran's recoverable judgments by the amount of the exemption. The *Cochran* Court held that the exemption, if applied to the parties there, would impermissibly impair Cochran's contractual rights to the full sums he deserved.

This case is distinguishable. Where Cochran's contractual rights to certain monies arose in 1867, before the passage of the act, the Landlord's rights (if any) to possession of the mobile home arose, not at the time the lease was signed, but at the time the Tenants vacated and became in arrears. *See Burnett v. Boukedes*, 240 S.C. 144, 125 S.E. (2d) 10 (1962). Because the repeal of the statutes took place on January 1, 1989, three months before the Tenants became in arrears on April 1, 1989, the Landlord was and is unable to rely upon the statutes for any possessory rights.

The Landlord next asserts he is not liable for conversion, even if he was erroneous in refusing to turn over possession of the mobile home to Oxford. We disagree. A claim for conversion can be based on an unauthorized detention of property, after demand. *Castell v. Stephenson Finance Co.*, 244 S.C. 45, 135 S.E. (2d) 311 (1964). In order to prevail in a conversion action, the plaintiff must prove either title or right to possession of the property at the time of the conversion. *Causey v. Blanton*, 281 S.C. 163, 314 S.E. (2d) 346 (1984). The Landlord's mistaken view of the law is of no avail to him. *Ignorantia juris quod quisque tenetur scire, neminem excusat.*[1]

Lastly, the Landlord argues it should not be compelled to respond in this case for punitive damages. Punitive damages are recoverable in conversion cases in the event it is determined the defendant's acts have been willful, reckless, and/or committed with conscious indifference to the rights of others. *Hunt v. Jordan*, 286 S.C. 340, 333 S.E. (2d) 569 (Ct. App. 1985). The trial judge transferred the case for a jury trial as to appropriate damages. In that proceeding, evidence will be developed regarding the Landlord's motive, knowledge, intent, and proof of damages. We thus deem it wise to refrain from making a determination as to punitive damages before this evidence has been developed.

Accordingly, we affirm the judgment of the lower court.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[1] Ignorance of the law [or a] law, which everyone is bound to know, excuses no man. BLACK'S LAW DICTIONARY 673 (5th ed. 1979).