THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
KBR Development, LLC, Respondent,
v.
YANSY Realty, Inc. aka YANSY Realty, Inc., Clemson Hospitality Investments, LLC, the BBQ Company, Steve R. Harvey, Robert S. Arnold and Roy S. Arnold,
Defendants,
of whom Clemson Hospitality Investments, LLC, Robert S. Arnold and Roy S. Arnold are
Appellants.
 
 
 

Appeal From Pickens County
 Henry F. Floyd, Circuit Court Judge
 J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No.  2005-UP-217
Submitted March 1, 2005  Filed March 24, 2005

AFFIRMED

 
 
 
James C. Alexander,  of Pickens, for Appellants.
Thomas Elihue Dudley, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Clemson Hospitality Investments, LLC (CHI), Robert S. Arnold, and Roy S. Arnold (collectively Appellants) appeal a jury award of $100 to KBR Development, LLC, for breach of contract and past due rent.  We affirm.[1]   
 FACTS
 In October of 1999, KBR, developers of a shopping center in Clemson, South Carolina, entered into a lease agreement with YANSY Reality, Inc. and the BBQ Company, Inc.  The BBQ Company issued a franchise to CHI to operate a Reds Backwoods BBQ restaurant in the leased location.  CHI, through its members Steve Harvey, Robert Arnold, and Roy Arnold, also signed a guarantee associated with the lease between YANSY, the BBQ Company, and KBR.  In addition, Robert Arnold and Steve Harvey signed personal guarantees.  
 Both the lease and the guarantee contained provisions allowing KBR to collect attorneys fees in the event of litigation between the parties, contingent upon KBRs success in the proceedings.  Another provision of the lease agreement required KBR to build the structure of the building, while the BBQ Company would finance the upfitting.  However, the BBQ Company was unable to meet its responsibility because of financial difficulties.  Therefore, KBR made an agreement with CHI to upfit the restaurant, guaranteed with a promissory note by CHI in the amount of $190,000, with monthly payments of $3,500 for ten years.  
 On January 4, 2002, KBR notified Appellants in writing that the promissory note and the lease were in default and demanded immediate payment.  Thereafter, in a meeting between the parties, CHI, through Robert Arnold, agreed to pay $2,500 per week until the rent and note payments were caught up, whereupon he paid $3,000 on January 16, 2002.  However, KBR did not receive the $2,500 from CHI the next week.  Pursuant to the default provisions under the lease, KBR took possession of the restaurant on January 27, 2002.  Upon repossession, KBR turned the restaurant equipment over to Carolina First Bank, who subsequently auctioned off the equipment to pay the secured debt owed by CHI.  
 On February 19, 2002, KBR filed a complaint against CHI and its members, alleging breach of contract in regard to the lease agreement and the promissory note, ejectment, and collection of rent by distraint.[2]  Appellants counterclaimed alleging unlawful eviction, conversion, and unfair trade practices.  KBR motioned for summary judgment for breach of contract concerning the promissory note and the trial court granted partial summary judgment, amounting to an award of $171,738.84 to KBR.  The remaining issues went before a jury.  At the jury trial, the trial court found as a matter of law that Appellants were liable on the lease, and it directed a verdict against Appellants on their claim for unfair trade practices.  The jury awarded $100 to KBR for breach of the lease agreement and further found for KBR on Appellants counterclaims.  The trial court denied Appellants motion for reconsideration.  This appeal followed.    
 LAW/ANALYSIS 
 I.  Partial summary judgment
 Appellants claim the trial court erred in awarding partial summary judgment to KBR on its breach of contract claim based on the promissory note.  We disagree.
 When reviewing the grant of a summary judgment motion, we apply the same standard which governs the trial court under Rule 56(c) of the South Carolina Rules of Civil Procedure: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). 
 When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the nonmoving party.  Id. at 494, 567 S.E.2d at 860.  If triable issues exist, those issues must go to the jury. 
 Nelson v. Charleston County Parks & Recreation Comn, 362 S.C. 1, 4, 605 S.E.2d 744, 746 (Ct. App. 2004).
 Appellants admit they were in default on the promissory note.  Appellants also admit they received written notice of default on January 4, 2002.  Although Appellants negotiated with KRB to make weekly payments to bring them up to date, they did not make the first $2,500 payment the week immediately following their agreement.   While the note requires 30 days notice before repossession action may be taken, Appellants were in default from November 2001 and did not attempt to make any other payments after the January 16, 2002 payment, which only partially covered the debt.[3]  KBR did not file a complaint to collect on the promissory note until late February 2002.  Therefore, KBR complied with the leases notice requirements.  
 Appellants also argue that the value of the upfittings and improvements should be credited against the total amount owed under the note.  However, Appellants signed a promissory note for $190,000 and there was nothing contained in the note or the lease giving CHI credit for any of the tenant upfits upon expiration of the lease.  Therefore, there was no genuine issue of material fact regarding the promissory note and the trial court did not err when granting partial summary judgment for KBR on the breach of contract claim under the promissory note.             
II. 
Unlawful eviction charge
 Appellants claim the trial court erred in failing to charge the jury on the law of unlawful eviction.  We disagree.
 A trial court must charge the current and correct law.  Welch v. Epstein, 342 S.C. 279, 311, 536 S.E.2d 408, 425 (Ct. App. 2000).  When reviewing a jury charge for alleged error, an appellate court must consider the charge as a whole in light of the evidence and issues presented at trial.  Id.  If the charge is reasonably free from error, isolated portions, which might be misleading do not constitute reversible error.  Id.
 There is no question that CHI signed and executed a guarantee agreement for the lease between KBR and YANSY and the BBQ Company.  Furthermore, Robert Arnold also personally guaranteed the note.  According to the guarantee agreement, when YANSY and the BBQ Company failed to make the lease payments, Appellants became responsible.  The lease provided KBR with the self-help option of repossessing the property if lease payments were overdue by fifteen days.  Therefore, KBR acted within their legal rights, and the trial court charged the correct law in light of the evidence presented at trial.    
 III.  Conversion
 Appellants claim the trial court erred in denying their motions for judgment notwithstanding the verdict and new trial because they were entitled to an award of damages for conversion of their restaurant equipment.  We disagree.
 When reviewing the denial of a motion for directed verdict or JNOV, we apply the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party.  Id. at 299, 536 S.E.2d at 418.  The trial court must deny the motions when the evidence yields more than one inference or its inference is in doubt.  Id. at 300, 536 S.E.2d at 418.  We reverse the trial court only when there is no evidence to support the ruling below.  Id.  When considering directed verdict and JNOV motions, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence.  Id. at 300, 536 S.E.2d at 419.
 A judge can grant a motion for JNOV only if no reasonable jury could have reached the challenged verdict.  Id.  A judge will not overturn a jurys verdict if any evidence exists that sustains the factual findings implicit in its decision.  Id.  
 A claim for conversion can be based on an unauthorized detention of property, after demand.  Oxford Finance Companies, Inc. v. Burgess, 303 S.C. 534, 539, 402 S.E.2d 480, 482 (1991).  In order to prevail in a conversion action, the plaintiff must prove either title or right to possession of the property at the time of the conversion.  Id.   
 KBR was in lawful possession of the restaurant at the time it conveyed the equipment to Carolina First Bank.  Furthermore, KBR might have subjected itself to liability had it not recognized the collection rights of the bank.[4]  Therefore, there was substantial evidence for the trial court to deny a directed verdict for the Appellants on their counterclaim for conversion and for the jury to reach their verdict for KBR on the conversion claim.
 IV.  Attorneys fees
 Appellants also claim the trial court erred in awarding attorneys fees to KBR.  We disagree. 
 Generally, the amount of attorneys fees to be awarded is within the discretion of the trial judge. 
 Burton v. York County Sheriffs Dept., 358 S.C. 339, 357, 594 S.E.2d 888, 897 (Ct. App. 2004).  However, the award of fees must be reasonable and supported by adequate findings.  Id.
 The trial court considers six factors when determining an award of attorneys fees: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services.  Id. at 358, 594 S.E.2d at 897.  If the requested attorneys fees are authorized by contract or statute, the trial court should make specific findings of fact on the record for each of these factors.  Id. 
 The jury found for KBR for breach of the lease and in respect to all of Appellants counterclaims, making KBR the prevailing party in the litigation.[5]  Furthermore, Appellants signed a guarantee of the lease agreements . . . in case of default by the BBQ Company.  Also, Robert Arnold executed a personal guarantee of the lease.    
 The provisions of the lease entitled the prevailing party to recover attorneys fees and costs associated with the litigation as follows:

 In the event that at any time during the term of this Lease either Landlord or Tenant shall institute any action or proceeding against the other, then, and in that event, the unsuccessful party in such action or proceeding agrees to reimburse the successful party for the reasonable expenses of attorneys fees and disbursements incurred therein by the successful party.

 In addition, the promissory note, which the trial court issued summary judgment for, also included a provision providing attorneys fees at 15% of the balance due in connection with the collection of the note.  Also, KBR requested attorneys fees in its complaint.
 The trial court thoroughly discussed the factors to be considered when awarding attorneys fees in its order.  Based on the pleadings in the record, the Memorandum of Law with attached exhibits submitted by [KBR], which included analysis of these factors, the trial court found that an award of attorneys fees in the amount of $23,972.75 in costs to KBR was reasonable and appropriate.  Furthermore, the award was substantially less than 15% of the balance due on the promissory note, which is the amount contracted to by the parties in the event of default on the note.  Thus, the trial court did not abuse its discretion in awarding attorneys fees to
 KBR.    
 AFFIRMED.
 ANDERSON, BEATTY and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Steve Harvey subsequently filed bankruptcy and was discharged from the action.
[3] KBR repossessed the restaurant on January 27, 2002 because Appellants rent was in default.  The lease provided that the Landlord could enter upon and take possession of the Premises if failure to pay continued for a period of fifteen (15) days.  
[4] See Oxford Finance Companies, Inc. v. Burgess, 303 S.C. 534, 402 S.E.2d 480 (1991) (holding a landlord, who refused to turn over an ejected tenants collateral to a secured lender, could be liable to lender for conversion and possible punitive damages).
[5] A prevailing party is one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention [and] is the one in whose favor the decision or verdict is rendered and judgment entered.  Heath v. County of Aiken, 302 S.C. 178, 182-83, 394 S.E.2d 709, 711 (1990).