**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shelby King, Appellant,

v.

Amy Bennett, The Amy D. Bennett Trust, and Amy Bennett, Trustee, Respondents.

Appellate Case No. 2012-212218

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

Unpublished Opinion No. 2013-UP-459
Heard October 8, 2013 – Filed December 11, 2013

**AFFIRMED**

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, of Columbia, for Appellant.

Todd Raymond Ellis, of Law Office of Todd Ellis, P.A., of Irmo, for Respondents.

**PER CURIAM:** Shelby King sued Respondents Amy Bennett, The Amy D. Bennett Trust, and Amy Bennett, Trustee, asserting various equitable causes of action, fraud, civil conspiracy, and conversion by false pretenses arising from

King's claim that she was entitled to compensation for her services as a real estate professional. The trial court granted summary judgment to Respondents, holding King could not recover either damages or equitable relief because she did not have a written agreement with Respondents. King appeals. We affirm.

1.     King argues the trial court erred in ruling that pursuant to section 40-57-135(D)(4) of the South Carolina Code (2011), the absence of a written agreement barred her from recovering for the services that she provided to Respondents. We disagree.

At the summary judgment hearing, King argued her claims were based in equity rather than contract and emphasized that she was not seeking a commission on the sale of the home that Respondents purchased. Section 40-57-135(D)(4), however, encompasses the possibility that a buyer's representation agreement could call for compensation to the real estate professional in forms other than a commission on a purchase or sale. This section requires numerous terms of a buyer's representation agreement to be in writing, including "the amount of compensation to be paid *or the method to be used in calculating the amount of compensation to be paid*" and "an explanation of how and when the agent earns his compensation." S.C. Code Ann. § 40-57-135(D)(4)(b) and (c) (2011) (emphasis added). Furthermore, King alleged in her complaint and her affidavit that she requested Respondents on multiple occasions to execute a buyer's representation agreement, and the evidence in the record does not give rise to an inference that she expected to be compensated for acting in any other capacity than Respondent's buyer's agent. King's affidavit includes an assertion that Respondents never indicated they would not sign a buyer's representation agreement before ratifying a contract to purchase a home, and exhibits filed with the trial court included a letter from the South Carolina Realtors Association asserting King tried to collect a realtor's fee from the broker whose firm sold the home to Respondents.

2.     King also asserts that because Respondents did not establish an agency relationship with her by signing a buyer's representation agreement, they were her "customers" pursuant to section 40-57-137(O) of the South Carolina Code (2011). Based on this customer relationship, King maintains she is entitled to proceed on her claim under the equitable theories of quantum meruit, unjust enrichment, and constructive trust based on language in section 40-57-137(O)(1) of the South Carolina Code (2011).

We disagree with King's assertion that pursuant to section 40-57-137(O), she should be allowed to continue to pursue her claim for equitable relief. First, we found no indication in the record on appeal that King raised the issue of her right to recover under section 40-57-137(O)(1) during the summary judgment hearing. *See Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 117, 410 S.E.2d 537, 546 (1991) (holding an issue was not preserved for appellate review because the plaintiffs failed to raise it to the trial court in opposition to the defendant's summary judgment motion). Furthermore, although section 40-57-137(O)(1) allows a real estate professional to offer certain services to a customer, section 40-57-137(O)(2) requires the real estate professional to provide the customer an explanation of the scope of services that the professional will provide and to provide accurate information in all dealings. King has not presented evidence that she fulfilled the requirements stated in section 40-57-137(O)(2); therefore, we hold King has not carried her burden to establish a genuine issue of material fact as to whether it would be inequitable for Respondents to retain the value of her services without paying for them. *See* Rule 56(e), SCRCP (requiring the party opposing a summary judgment motion to "set forth *specific* facts showing there is a genuine issue for trial" (emphasis added)); *Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 341 S.C. 1, 8-9, 532 S.E.2d 868, 872 (2000) (stating that to recover in quantum meruit, a plaintiff must show (1) a benefit conferred by the plaintiff upon the defendant, (2) realization of that benefit by the defendant, and (3) retention of the benefit by the defendant under circumstances that make it inequitable for the defendant to retain it without paying its value); *Campbell v. Robinson*, 398 S.C. 12, 24, 726 S.E.2d 221, 228 (Ct. App. 2012) (listing similar requirements to recover on a claim for unjust enrichment); *Macaulay v. Wachovia Bank of S.C., N.A.*, 351 S.C. 287, 294, 569 S.E.2d 371, 375 (Ct. App. 2002) ("A constructive trust results when circumstances under which property was acquired make it inequitable that it be retained by the one holding legal title." (internal quotation marks omitted)).

3.      King also contends there were sufficient questions of fact on various legal causes of action set forth in her complaint, namely fraud, civil conspiracy, and conversion. We disagree and affirm the trial court's dismissal of these claims pursuant to Rule 220(b)(2), SCACR, and the following authorities: *Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011) (noting the elements of a fraud claim include the plaintiff's right to rely on the truth of the false representation); *id.* at 124-25, 708 S.E.2d at 770 ("[A] fraud claim requires proof by clear and convincing evidence; thus, more than a mere scintilla of evidence must be presented to withstand a motion for summary judgment."); *Oxford Fin. Cos., Inc. v. Burgess*, 303 S.C. 534, 539, 402 S.E.2d 480, 482 (1991) ("In order to

prevail in a conversion action, the plaintiff must prove either title or right to possession of the property at the time of the conversion."); *LaMotte v. Punch Line of Columbia, Inc.*, 296 S.C. 66, 69, 370 S.E.2d 711, 713 (1988) ("A civil conspiracy is a combination of two or more persons joining for the purpose of injuring the plaintiff and causing special damage to the plaintiff.").

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**