ALAMANCE BUILDERS, INC., APPELLANT v. CENTRAL CAROLINA BANK &
    TRUST COMPANY, APPELLEE v. GLENN W. SLAUGHTER AND WIFE,
    DORIS SLAUGHTER

No. 7915SC510

(Filed 5 February 1980)

**Banks and Banking § 11— bank's payment of check on endorsement of one of two
payees—amount of liability**

When the original payee of a check endorsed the check without recourse
to plaintiff and third party defendant and delivered it to them, plaintiff and
third party defendant had all the rights of payees on the check, and a bank
which paid the check to third party defendant on his endorsement only is
liable to plaintiff for the full face amount of the check where the court found
that third party defendant represented to plaintiff that he would give the en-
tire proceeds of the check to plaintiff in partial payment for a debt. G.S.
25-3-419(2).

Judge MARTIN (Harry C.) concurring in result.

APPEAL by plaintiff from *McLelland, Judge.* Judgment
entered 20 March 1979 in Superior Court, ALAMANCE County.
Heard in the Court of Appeals 10 January 1980.

This is an action by plaintiff for the proceeds of a check
deposited with the defendant Central Carolina Bank and Trust
Company. The bank joined Glenn W. Slaughter and wife, Doris
Slaughter, as third-party defendants. The action was tried by the
court without a jury on an agreed statement of facts. The court
found as facts that Glenn W. Slaughter owed the plaintiff
$5,284.63 for building materials used on the Vance Thompson
building project. Farmers Home Administration issued a check
for $12,000.00 to Vance Thompson. The words "Endorsed without
recourse to Glen Slaughter and Alamance Builders Inc." were
written on the back of the check. The Farmers Home Administra-
tion placed these words on the back of the check in order to en-
sure that the plaintiff would be paid for materials furnished by it
for the Vance Thompson building project. Glenn Slaughter owed a
total of $20,885.97 to plaintiff for building materials furnished for
the Vance Thompson project and other projects. Prior to the
delivery of the subject check by Farmers Home Administration to
Glenn W. Slaughter, Glenn W. Slaughter represented to
Alamance Builders, Inc. that he would give the entire proceeds of

the check to Alamance Builders, Inc. Vance Thompson endorsed the check as drawn and delivered it to Glenn W. Slaughter. Mr. Slaughter deposited it in the joint account of Glenn W. Slaughter and wife, Doris Slaughter, with the Central Carolina Bank and Trust Company. Plaintiff did not receive any funds from the check. Based on these facts, the court entered judgment for plaintiff against the bank in the amount of $5,284.63. Plaintiff appealed.

*Osteen, Adams and Tilley, by J. Patrick Adams, for plaintiff appellant.*

*Stubbs, Cole, Breedlove and Prentis, by Richard F. Prentis, Jr., for defendant appellee Central Carolina Bank and Trust Company.*

WEBB, Judge.

This appeal brings to the Court a question as to the amount of the indebtedness of Central Carolina Bank and Trust Company to the plaintiff. Plaintiff contends it is in the amount of $12,000.00. The bank contends it is indebted to the plaintiff in the amount of $5,284.63. The answer turns on what interest the plaintiff had in the check. At the outset, we note that when Vance Thompson endorsed and delivered the check, plaintiff and Glenn W. Slaughter had all the rights of payees on the check. *See* G.S. 25-3-202. Prior to the adoption of the Uniform Commercial Code, a bank which paid a check without the endorsement of a payee was liable to the payee in the amount of his interest in the check. *Construction Co. v. Trust Co.*, 266 N.C. 648, 147 S.E. 2d 37 (1966) held that the payment by a bank of such a check amounts to the conversion of the payee's interest in the check. The Court in that case said, "[p]rima facie this is the face value of the paper converted." G.S. 25-3-419 provides:

(1) An instrument is converted when

*       *       *

(c) it is paid on a forged endorsement.

(2) In an action against a drawee under subsection (1) the measure of the drawee's liability is the face amount of the instrument. In any other action under subsection (1) the

measure of liability is presumed to be the face amount of the instrument.

Whether this section of the Uniform Commercial Code applies to situations where there is payment without the endorsement of a payee has not been determined in this state. In some states it has been held that under this section a bank is liable for the conversion of a check when it pays the check on the endorsement of less than all the payees, reasoning that this is tantamount to paying it on a forged endorsement. *See* 47 A.L.R. 3d 537 (1973) for cases from other jurisdictions. Under our prior law or if we hold this section of the Code includes payment by a bank without the endorsement of all payees, the plaintiff is entitled to recover an amount equal to its interest in the check. If the endorsement by less than all the payees is held to be a forgery under the Uniform Commercial Code, defendant's liability is presumed to be the face amount of the check under G.S. 25-3-419(2). There is language in *Construction Co., supra*, that prior to the adoption of the Uniform Commercial Code the liability of defendant is prima facie the face value of the check.

We believe this case can be determined without reaching the question as to whether the prima facie rule stated in *Construction Co.* or the presumption of G.S. 25-3-419(2) governs. The court found as a fact that Glenn W. Slaughter represented to plaintiff that he would give the entire proceeds of the check to plaintiff. The plaintiff was to take the check in partial payment for a debt. This was good consideration. *See* G.S. 25-3-303(b). Under this finding of fact by the court, it is not necessary to rely on the prima facie rule of *Construction Co.* or the presumption of G.S. 25-3-419(2). When Glenn W. Slaughter came in possession of the check, he was under a legal duty to deliver it to the plaintiff. This gave plaintiff an interest in the entire check and it was entitled to judgment accordingly. We vacate the judgment and direct the superior court to enter a judgment conforming to this opinion.

Judgment vacated and case remanded.

Judge VAUGHN concurs.

Judge MARTIN (Harry C.) concurs in the result.

Judge MARTIN (Harry C.) concurring.

I concur in the result reached by the majority. I find the transaction is governed by the Uniform Commercial Code. By paying the check without the endorsement of plaintiff, defendant bank tortiously converted the check and plaintiff is entitled to recover its value. *Construction Co. v. Trust Co.*, 266 N.C. 648, 147 S.E. 2d 37 (1966). Under N.C.G.S. 25-3-419(2), the measure of liability where a non-drawee bank tortiously converts a check is presumed to be the face amount of the instrument. This portion of the Uniform Commercial Code is a codification of the law in North Carolina prior to the adoption of the Uniform Commercial Code. With respect to the measure of damages, it is stated in *Construction Co.*: "*Prima facie*, this is the face value of the paper converted." 266 N.C. at 653, 147 S.E. 2d at 41. Therefore, I find that under the law both before the adoption of the Uniform Commercial Code and thereafter, plaintiff had a presumption in its favor that it was entitled to recover as damages the face amount of the check. Defendant bank has failed to rebut this presumption.