Cartwood Construction Co. v. Wachovia Bank and Trust Co.

*State v. Aguallo*, 318 N.C. 590, 350 S.E. 2d 76, 82 (1986).

In this case, only the defendant and the victim purported to have personal knowledge of whether the alleged incident charged against the defendant actually occurred. The testimony given by each absolutely conflicted with the testimony of the other. The State's case against the defendant was almost totally dependent on the credibility of the victim. Due to these circumstances, we can only conclude that the erroneous admission of Sergeant Lane's testimony concerning a child's ability to create sexual fantasies demonstrates a "reasonable possibility" that a different result would have been reached at trial had the error not been committed. As a result, we hold the defendant is entitled to a new trial.

New trial.

Judges BECTON and JOHNSON concur.

---

CARTWOOD CONSTRUCTION COMPANY, INC. v. WACHOVIA BANK & TRUST COMPANY, N.A., NORTHWESTERN BANK, FIRST FINANCIAL SAVINGS & LOAN ASSOCIATION, INC. AND WACHOVIA BANK & TRUST COMPANY, N.A. v. VIRGIL REID PATTERSON, D/B/A THE PATTERSON COMPANY

No. 8621SC616

(Filed 3 February 1987)

1. **Banks § 11.2; Uniform Commercial Code § 36— joint checks—forged endorsements—summary judgment for issuing bank proper**

    In an action to recover the proceeds of several joint checks that were written on a construction loan agreement, delivered to someone other than plaintiff contractor and paid on allegedly forged endorsements, the trial court did not err by granting summary judgment for defendant First Financial Savings and Loan, which issued the checks, where the loan agreement was between First Financial and Tyndall, the borrower and co-payee; Financial did not assume the duty to make money available to anyone other than Tyndall; and the affixing of plaintiff's name to the checks did not itself create an affirmative duty to deliver the checks to plaintiff.

Cartwood Construction Co. v. Wachovia Bank and Trust Co.

2. **Uniform Commercial Code § 36; Banks § 11.2— joint checks—forged endorsement—summary judgment for depository bank—improper**

   In an action against a depository bank for the conversion of checks paid upon allegedly forged endorsements, the trial court erred by granting summary judgment for the bank where it was undisputed that the checks were made in part to plaintiff, that plaintiff did not endorse the checks, and that the checks were deposited with the bank. Under N.C.G.S. 25-3-419, an instrument is converted when it is paid upon a forged endorsement, plaintiff had made a *prima facie* showing of the bank's liability, and the bank was thus not entitled to summary judgment; however, the trial court correctly granted summary judgment for the bank on plaintiff's negligence claim because the bank's duties are specifically defined under N.C.G.S. 25-3-419.

3. **Uniform Commercial Code § 36; Banks § 11.2— joint checks—forged endorsement—summary judgment before paying bank—improper**

   The trial court erred by granting summary judgment for defendant Northwestern Bank in a conversion action where plaintiff's evidence that Northwestern paid the checks on forged endorsements established a *prima facie* case of conversion under N.C.G.S. 25-3-419 (1986).

   Judge WELLS dissenting in part and concurring in part.

APPEAL by plaintiff from *Seay, Judge*. Order entered 3 February 1986 in Superior Court, FORSYTH County. Heard in the Court of Appeals 13 November 1986.

*Nifong, Ferguson & Sinal, by Paul A. Sinal and Of Counsel Deborah L. Parker, for plaintiff appellant.*

*Williams Kearns Davis and Stephen M. Russell and Of Counsel, Bell, Davis & Pitt, P.A., for Wachovia Bank & Trust Company; W. R. Loftis, Jr. and Penni Pearson Bradshaw and Of Counsel Petree Stockton & Robinson for Northwestern Bank; William G. McNairy, John H. Small, Jim W. Phillips, Jr. and Of Counsel Brooks, Pierce, McLendon, Humphrey & Leonard, for First Financial Savings and Loan Association.*

BECTON, Judge.

This is an action by plaintiff, Cartwood Construction Company (Cartwood), to recover the proceeds of several checks that were deposited with defendant Wachovia Bank and Trust Company (Wachovia) and paid by defendant Northwestern Bank (Northwestern). Cartwood alleged that the proceeds from the checks were paid on forged endorsements and that Wachovia and Northwestern are liable for conversion. Additionally, Cartwood

sued the maker of the checks, First Financial Savings and Loan Association (First Financial), and Wachovia for their alleged negligence in handling the checks. The trial judge granted motions for summary judgment in favor of all three defendants. Cartwood appeals. We affirm the trial judge's order granting summary judgment for First Financial and Wachovia on the negligence claim, but we reverse the trial judge's order granting summary judgment for Wachovia and Northwestern on the conversion claim.

I

The following facts are not in dispute. Tony and Teresa Tyndall borrowed $75,000 from First Financial to finance the construction of a new home. The Tyndalls wanted Virgil Reid Patterson to construct the home. However, because Patterson did not have a license and could not obtain a performance bond as required by North Carolina law, Cartwood agreed with Patterson that Cartwood would obtain the necessary bonds. Cartwood was named as the contractor on various documents, including the bid proposal, the loan agreement between the Tyndalls and First Financial, and the agreement between the Tyndalls and the contractor.

As construction proceeded, First Financial made progress payments in the form of checks from its account with defendant, Northwestern. The first six checks were payable to Tony Tyndall and Virgil Reid Patterson. The next eight were payable to Tony Tyndall and Cartwood Construction Company. Patterson received all fourteen of the checks and obtained the endorsement of Tony Tyndall before doing anything else with those checks. After obtaining Tyndall's endorsement on the first six checks, Patterson then endorsed those checks. He took the seventh check to James A. Carter, president of Cartwood, and Carter endorsed that check and gave it back to Patterson. Someone other than Carter himself signed James A. Carter's name onto the remaining checks which are the subject of this lawsuit. Patterson deposited all fourteen of the checks in the Patterson Company account at Wachovia. Wachovia presented each check to Northwestern for payment from First Financial's account, and Northwestern paid all of them.

Cartwood sued First Financial for negligence in making the first six checks payable to Patterson and in delivering all four-

teen of the checks to Patterson; Cartwood sued Wachovia for conversion and negligence for accepting six of the last seven checks; and Cartwood sued Northwestern for conversion for paying the six disputed checks.

## II

### First Financial Savings and Loan

[1]   Cartwood contends that the trial judge erred in granting First Financial's motion for summary judgment since various documents, including the Tyndall/First Financial loan agreement, put First Financial on notice that Cartwood was the contractor. Cartwood also argues that the loan agreement itself, which states "that the proceeds of this loan are to be used for the payment of materials, bills, labor and for other uses and purposes in and for the construction of said building . . .," placed an affirmative duty on First Financial to make the checks payable to Cartwood and to deliver them to Cartwood. We disagree.

The loan agreement was between First Financial and the Tyndalls. Cartwood was not a party to that agreement. In fact, Cartwood's name was placed on the agreement by Patterson who was not even authorized to do so. Further, nowhere in the agreement does First Financial assume a duty to make money available to anyone other than the Tyndalls. The provision on which Cartwood relies merely describes what the Tyndalls may do with the money. Because no reasonable reading of the loan agreement obligates First Financial to pay Cartwood and because the affixing of Cartwood's name to the checks does not itself create an affirmative duty on First Financial's part to deliver the checks to Cartwood, this assignment of error is overruled.

## III

### Wachovia Bank and Trust Company

[2]   Contending that the trial judge erred in granting Wachovia's motion for summary judgment on the conversion issue, Cartwood argues that it has established a *prima facie* case against Wachovia for conversion by showing that Wachovia accepted the six checks on an apparently forged endorsement. Wachovia counters, arguing that it cannot be liable for conversion because Cartwood had no interest in the proceeds of the checks.

Cartwood Construction Co. v. Wachovia Bank and Trust Co.

Cartwood's interest in the proceeds under any underlying contract with the Tyndalls or Virgil Patterson is different from Wachovia's liability for its handling of the checks. Wachovia's liability, if any, based on its handling of the checks is governed by the provisions of the Uniform Commercial Code (Chapter 25 of the N.C. Gen. Stats.). We are mindful of this Court's holding in *Alamance Builders, Inc. v. CCB v. Slaughter,* 45 N.C. App. 46, 262 S.E. 2d 338 (1980). Wachovia cites that case as authority for the proposition that the pivotal issue in all cases involving a bank's conversion of a check is what interest the complaining party has in the check. *Alamance Builders* does not go that far.

In *Alamance Builders* this Court declined to reach the question whether the nonendorser was required to make out a *prima facie* case that he was entitled to recover the face amount of the check as provided by case law or whether as provided under N.C. Gen. Stat. Sec. 25-3-419, the nonendorser was *presumed* to be entitled to recover the face amount of the check. Instead this Court stated that in either case, the "answer turns on what *interest* the [nonendorsing] plaintiff had in the checks." (Emphasis added.) *Id.* at 47, 262 S.E. 2d at 338. In *Alamance Builders* the plaintiff's *interest* in the checks was dispositive because the application of either the presumption or the *prima facie* rule required the same factual inquiry. Plaintiff could recover only the amount to which he proved he was entitled or the amount to which defendant proved plaintiff was entitled. This Court reasoned that the difference between the two rules was one of burdens of proof and persuasion, not one of substance. *Alamance Builders* at 47, 262 S.E. 2d at 338.

In the case *sub judice* neither the *prima facie* rule nor the presumption applies. Wachovia is a depository bank, and N.C. Gen. Stat. Sec. 25-3-419 (1986) provides that a depository bank (defined in N.C. Gen. Stat. Sec. 25-4-105(a) (1986) ), which deals with the instrument in "good faith and in accordance with reasonable commercial standards," is not liable in conversion beyond the amount of any proceeds remaining in its hands. The critical inquiry is whether the bank dealt with the instrument in good faith and in accordance with reasonable commercial standards, not what interest the plaintiff had in the checks.

Cartwood alleged, and it was undisputed, that James A. Carter did not endorse the six checks. Patterson deposited those checks in the Patterson Company account at Wachovia. Under N.C. Gen. Stat. Sec. 25-3-419 an instrument is converted when it is paid on a forged endorsement. Thus Cartwood made a *prima facie* showing of Wachovia's liability under that section. Wachovia was not entitled to summary judgment on the issue of conversion. Rather the fact finder should have decided whether the instruments were actually paid on a forged endorsement and, if so, whether Wachovia used reasonable commercial standards by paying the instruments, thus limiting the recovery to the amount of proceeds remaining in its hands.

Cartwood next contends that the trial judge erred in granting Wachovia's motion for summary judgment on the allegation of negligence. Cartwood argues that Wachovia's acceptance of the checks for deposit in Patterson's account gives rise to a separate action for negligence. We disagree. Wachovia's duties regarding its handling of the instruments are specifically defined under N.C. Gen. Stat. Sec. 25-3-419 which gives Cartwood an action in conversion and provides a remedy. This assignment of error is overruled.

IV

Northwestern Bank

[3]   Cartwood's final contention is that the trial judge erred in granting Northwestern's motion for summary judgment on the allegation of conversion. Cartwood argues that its evidence that Northwestern paid the six checks on a forged endorsement establishes a *prima facie* case for conversion. We agree. N.C. Gen. Stat. Sec. 25-3-419 (1986) provides that conversion occurs when an instrument is paid on a forged endorsement and the drawee's liability is the face amount of the instrument. This was intended as a rule of "absolute liability" of the drawee. *See* N.C. Gen. Stat. Sec. 25-3-419 Official Comment 4 (1986). Cartwood's interest in the proceeds of the check is irrelevant under this provision of the statute. If the fact finder determines that the instrument was paid on a forged endorsement, the matter is settled. Northwestern was not entitled to summary judgment on this issue.

---

In summarizing, we reverse the trial judge's grant of summary judgment for Wachovia and Northwestern on the issue of conversion and remand for further proceedings consistent with this opinion, but we affirm the trial judge's grant of summary judgment for First Financial and Wachovia on the issue of negligence.

Affirmed in part; reversed and remanded in part.

Judge ORR concurs.

Judge WELLS dissents in part and concurs in part.

Judge WELLS dissenting in part and concurring in part.

I dissent from that portion of the majority opinion which holds that defendants Wachovia and Northwestern were not entitled to summary judgment on the issue of the alleged conversion of the disputed checks. In my opinion, the forecast of evidence before the trial court conclusively showed that plaintiff had no interest in the checks, and therefore, plaintiff was not entitled to recovery on its theory of conversion. *See Builders, Inc. v. Trust Co.*, 45 N.C. App. 46, 262 S.E. 2d 338 (1980).

I concur in all other aspects of the majority opinion.