1886

FLAVOR-INN, INC., Appellant v. NCNB NATIONAL
BANK OF SOUTH CAROLINA, Respondent.

(424 S.E. (2d) 534)

Court of Appeals

*Phillip E. Reeves* and *Ronald G. Tate, Jr.*, Greenville, *for appellant.*

*Jack H. Tedards, Jr.* and *F. Marion Hughes*, Greenville, *for respondent.*

Heard Oct. 7, 1992.

Decided Nov. 9, 1992.

GOOLSBY, Judge:

This case involves the Uniform Commercial Code ("UCC").[1] It concerns the payment or acceptance for deposit of various checks over unauthorized indorsements. Flavor-Inn, Inc., appeals the trial court's dismissal of its negligence cause of action and its claims for consequential and punitive damages against NCNB National Bank of South Carolina ("NCNB"). Flavor-Inn also appeals the trial court's refusal to strike certain of the bank's defenses. We affirm in part and reverse in part.

In Flavor-Inn's complaint against NCNB, it alleged that two Flavor-Inn employees engaged in an embezzlement scheme whereby they would receive checks from customers made payable to Flavor-Inn, would rubber stamp a "Flavor-Inn" indorsement on the checks, and would present them to NCNB for payment or for deposit into their own personal accounts. Flavor-Inn asserted causes of action against NCNB for negligence, for conversion under S.C. Code Ann. § 36-3-419 (1976), and for a constructive trust. In its causes of action for negligence and conversion, Flavor-Inn alleged it was entitled to consequential damages and to punitive damages.

NCNB answered, asserting various defenses, and also moved to strike Flavor-Inn's negligence cause of action and its claims for consequential and punitive damages. Flavor-Inn moved to strike the defenses asserted by NCNB in which NCNB alleged Flavor-Inn had a duty under § 36-4-406 of the UCC to discover and report irregularities in its statements of account and in which NCNB alleged it was a holder in due course.

The trial court struck Flavor-Inn's negligence cause of action, finding that NCNB had no duty to Flavor-Inn except that which arose from their contractual relationship either as

---

[1] The Uniform Commercial Code is contained in S.C. Code Ann. § 36-1-101 through 36-11-108 (1976 & Supp. 1991).

customer and bank or as debtor and creditor. Additionally, the trial court found § 36-3-419 "supersedes and displaces the common law of negligence arising out of the conduct alleged in the Complaint." The trial court also struck Flavor-Inn's claims for consequential and punitive damages and refused to strike the bank's § 36-4-406 and holder-in-due-course defenses.

## I.

Flavor-Inn contends that the trial court erred in striking its negligence cause of action. In addressing this issue, we are called on to decide whether, within the meaning of § 36-1-103, an action under § 36-3-419 of the UCC for the conversion of an instrument supplants an action for negligence arising from a depositary bank's payment or acceptance for deposit of a check on an unauthorized indorsement.[2]

Section 36-1-103 provides: "Unless displaced by the particular provisions of this act, the principles of law and equity . . . shall supplement its provisions." And § 36-3-419 provides in pertinent part:

(1) An instrument is converted when

\* \* \* \* \* \*

(c) it is paid on a forged indorsement.

\* \* \* \* \* \*

(3) [A] representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.

We agree with the conclusion reached by the Fourth Circuit Court of Appeals in *Equitable Life Assurance Soc'y of the U.S. v. Okey*, 812 F. (2d) 906 (4th Cir. 1987), a case concerned

---

[2] Forged and unauthorized indorsements are treated the same under § 36-3-419. *See* RONALD A. ANDERSON, ANDERSON ON THE UNIFORM COMMERCIAL CODE § 3-419:40, at 439 (3d ed. 1984) ("Payment on an unauthorized indorsement is a conversion as there is no distinction between a forged indorsement and one made without authorization.").

with § 36-3-419 and a case almost identical to the one here, that the conversion action permitted by § 36-3-419 is a "particular provision" of the UCC that displaces the common law action for the negligent acceptance for deposit of a check with an unauthorized indorsement. *Id.* at 909-10. The court reasoned in *Okey* that, despite being labeled a conversion action, "an action under § 36-3-419 effectively subsumes both conversion and negligence claims based on payment over a forged or unauthorized indorsement in that § 36-3-419(3) encompasses the element of due care that is a key issue under a negligence theory." *Id.* at 908.

Other courts have also adopted *Okey's* result and its reasoning. *Berthot v. Security Pac. Bank*, 170 Ariz. 318, 823 P. (2d) 1326 (Ct. App. 1992); *Florida Nat'l Bank v. Isaac Indus.*, 560 So. (2d) 1203 (Fla. Dist. Ct. App. 1990); *cf. Cartwood Constr. Co. v. Wachovia Bank & Trust Co.*, 84 N.C. App. 245, 352 S.E. (2d) 241 (1987), *aff'd*, 320 N.C. 164, 357 S.E. (2d) 373 (1987) (the court, with no discussion, dismissed a negligence claim against a depositary bank because it was displaced by the UCC conversion claim).

We do not overlook Flavor-Inn's argument that it presented a cause of action for negligence under § 36-4-202, a statute that refers to a "collecting bank" and, among other things, outlines the basic responsibilities of a collecting bank. S.C. Code Ann. § 36-4-202 (1976) Official Comment and *South Carolina Reporter's* Comment. Because the trial court, when it struck the negligence cause of action in its entirety, did not explicitly pass on this contention and Flavor-Inn made no motion pursuant to Rule 59(e), SCRCP, requiring the trial court to do so, we do not address it. *See Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E. (2d) 122, 124 (1991) (where "the circuit court did not explicitly rule" on a party's argument of an issue and the party did not make a Rule 59(e) motion, "the issue was thus not properly before the Court of Appeals and should not have been addressed.").

## II.

Flavor-Inn argues the trial court erred in striking its claim for consequential damages. Flavor-Inn sought in both its negligence and UCC conversion actions the recovery of compensatory damages in the form of the face value

of the instruments allegedly "taken by NCNB on forged indorsements" and in the form of consequential damages. The trial court committed no error.

We need not address the availability of consequential damages for a negligence action because we have affirmed the trial court's dismissal of that action.

As to the damages recoverable as compensatory damages for a conversion under the UCC, § 36-3-419(2) provides:

> In an action against a drawee [for conversion] under subsection (1) the measure of the drawee's liability is the face amount of the instrument. In any other action [for conversion] under subsection (1) the measure of liability is presumed to be the face amount of the instrument.

In this case, the bank is not being sued as a drawee but rather as a depositary bank; therefore, the measure of liability, § 36-3-419(2) prescribes, is "presumed to be the face amount of the instrument."

By restricting recovery to no more than the face value of the instrument, § 36-3-419(2) necessarily defines the damages recoverable from a party as compensatory damages for a conversion action brought under § 36-3-419(1). *See* § 36-3-419 Official Comment 4 ("[T]he obligation of any party on the instrument is presumed . . . to be worth its face value. Evidence is admissible to show that for any reason . . . the obligation is in fact worth less, or even that it is without value."). The statute, plain as it is, leaves no room for the recovery of an additional amount as consequential damages. *See Patterson v. I.H. Services, Inc.*, 295 S.C. 300, 310, 368 S.E. (2d) 215, 221 (Ct. App. 1988) (when a statute creating a new cause of action "in plain and unambiguous language expressly limits the kind of damages recoverable for its violation" the statute will be interpreted in accordance with its plain and ordinary meaning); S.C. Code Ann. § 36-1-106(1) (1976) ("[C]onsequential or special . . . damages may [not] be had except as specifically provided in this act or by other rule of law."). In sum and using the language of § 36-1-103, a "particular provision" of the UCC, § 36-3-419(2), displaces the "principle of law" that theretofore governed the recovery of compensatory damages in an action brought in this state for the conversion of a negotiable instrument.

## III.

We agree with Flavor-Inn's contention that the trial court erred in finding that punitive damages are not recoverable under § 36-3-419.

Punitive damages may be recovered in South Carolina for a conversion, provided the defendant's conduct has been malicious, wilful, reckless, or committed with a conscious indifference to the rights of others. *Oxford Finance Companies v. Burgess*, 303 S.C. 534, 402 S.E. (2d) 480 (1991); *Cox v. Coleman*, 189 S.C. 218, 200 S.E. 762 (1939). Unlike the "principle of law" that permits the recovery of compensatory damages in a conversion case and prescribes the measure of recovery therefor, a principle that § 36-3-419(2) takes the place of, no "particular provision" of the UCC displaces the "principle of law" that permits the recovery of punitive damages. This latter "principle of law" or, in the language of § 36-1-106(1), "other rule of law," therefore, continues in effect and serves to "supplement" the provisions of the UCC. *See* S.C. Code Ann. § 36-1-106(1) (1976) ("[P]enal damages may [not] be had except as specifically provided in this act or by other rule of law.")

Our holding that punitive damages are recoverable in a conversion case brought under § 36-3-419 is in accord with other authority. *Sherrill White Constr., Inc. v. South Carolina Nat'l Bank*, 713 F. (2d) 1047, 1051-52 (4th Cir. 1983); *McAdam v. Dean Witter Reynolds, Inc.*, 896 F. (2d) 750, 772 (3d Cir. 1990); *D & G Equip. Co. v. First Nat'l Bank*, 764 F. (2d) 950, 957 note 6 (3d Cir. 1985); *Mohr v. State Bank*, 241 Kan. 42, 734 P. (2d) 1071, 1082 (1987); *see Louis v. Citizens & Southern Bank*, 189 Ga. App. 164, 375 S.E. (2d) 82 (1988) (wherein the court implied that punitive damages would be recoverable by holding that testimony material to the question of the bank's bad faith was relevant in light of the appellant's demand for punitive damages for conversion under the code).

Accordingly, we reverse the trial court's order striking Flavor-Inn's claim for punitive damages.

## IV.

We do not address Flavor-Inn's argument that the trial court erred in refusing to strike certain of the bank's defenses. Ordinarily, a trial court's denial of a

motion to strike is not immediately appealable. *Pelfrey v. Bank of Greer*, 270 S.C. 691, 244 S.E. (2d) 315 (1978). Flavor-Inn has shown no reason why this general rule should not be followed here.

Affirmed in part and reversed in part.

GARDNER, J., and LITTLEJOHN, A.J., concur.

