GIRARDEAU v. SOUTHERN EXPRESS CO.

1. EVIDENCE—DAMAGES—TROVER—COMMON CARRIER.—In an action against a common carrier for damages for conversion of goods, it is competent for plaintiff to show, as proof of damages, the value put on the goods by both parties when shipped previously.

2. IBID.—DELIVERY.—There was evidence to show that defendant knew the contents of the package, and hence it was not necessary to show delivery to defendant before further proof of contents.

3. EVIDENCE—TROVER.—In actions of trover, if it be shown that the property was in possession of defendant before conversion, it matters not how it came there.

4. IBID.—IBID.—COMMON CARRIER—AGENT.—Where a common car-

rier sued in trover admits that it had had possession of the property, it is unnecessary to show that the agent in whose possession it was, was acting within the scope of his agency in retaining it.

5. IBID.—COMMON CARRIER—SALE OF UNDELIVERED GOODS.—Where there is a statute providing a method of sale by common carriers of undelivered goods, and it is admitted that such goods were sold, but not under the statute, the rules of the carrier as to sales of undelivered goods are irrelevant.

6. COMPLAINT — PRACTICE —NONSUIT—TORT—INDUCEMENT.—Where there are in a complaint on tort allegations alleging the tort, and other allegations in the nature of inducements, and there is some proof of the former and none of the latter, nonsuit is improper.

7. NONSUIT.—Where there is some proof of a fact, it must be submitted to the jury.

8. TORT—CLAIM AND DELIVERY—CONVERSION.—Where there is an unlawful conversion of personal property, no demand is necessary before suit.

9. SUPREME COURT—APPEAL.—A point not presented to Circuit Judge will not be considered by this Court.


Before BUCHANAN, J., Sumter, March, 1896.    Affirmed.


Action by Mary H. Girardeau against Southern Express Company, for damages for conversion of several pictures. Judgment for plaintiff.    Defendant appeals.


*Messrs. Purdy & Reynolds,* for appellant, cite: *Mode of delivery:* 10 Met., 472; 31 Me., 409; 18 Vt., 131; 20 Conn., 354; 8 Taunt., 83, 443; 1 Gray, 263; 4 T. R., 581; 118 Mass., 201; 16 Gray, 132; 113 Mass., 521. *Parol evidence as to bills of lading:* 7 Mass., 297–300. *What is conversion:* 32 Barb., 396; 12 N. Y., 509. *Presumption of negligence:* 47 N. Y., 282; 93 N. Y., 532; 70 N. Y., 410; 9 Daly (N. Y.), 188. *Proof of contents:* 30 A. & E. R. R. Cases, 118; 59 Vt., 266. *Instructions in final charge to disregard testimony not sufficient:* 1 Ala., 160; 34 Me., 554. *Conversation by agent cannot bind company:* 6 Rep., 231; 94 U. S., 549; 50 N. Y., 76. *Proof of agent's authority:* 55 Mich., 236; 141 Mass., 315; 127 Mass., 322; 39 N. Y., 34. *Authority of agent:* 34 L. J. C. P., 195; 42 Ibid., 59; 23 L. J.

Q. B., 73; 42 Ark., 200; 23 L. J. C. P., 166; 18 A. & E.
R. R. Cases, 527; 23 L. J. Q. B., 43.

*Messrs. Lee & Moise,* contra, cite: *Allegations necessary
to sustain trover:* 6 East., 333; 12 How. Pr., 208; 29 Barb.,
617; 16 Ibid., 633. *Proof of conversion:* 1 McCord, 428;
11 Rich., 281; 1 Strob. Eq., 334; 5 Strob., 67; 2 McNeill,
434; 1 Rich., 318; 1 Bail., 358; 2 Mill Rep., 239. *Point
not presented on Circuit will not be considered on appeal:*
30 S. C., 455; 21 S. C., 420; 23 S. C., 226, 70; 24 S. C., 559.
*Carrier's lien for freight:* 47 S. C., 328; Rice, 203; 11 S.
C., 159; 24 S. E. R., 166. *Measure of damages:* 11 Rich.
L., 267, 193.

March 9, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE. In May, 1893, the plaintiff sent to
the World's Fair, at Chicago, for exhibition, two pictures,
one known as "Spring" and the other as "Elopement," both
of which were embroidered in silk, and were executed in
the year 1784, and also one sampler, which was worked in
silk in the year 1808. These works of, art were duly ex-
hibited at said World's Fair in the city of Chicago, but at
its close, on or about the 3d December, 1893, were returned
by express to the plaintiff, at her home in Sumter, S. C.
Adams Express Company received the package, which was
then delivered to the defendant, the Southern Express Com-
pany, who safely transported the same to Sumter, S. C., on
or about the 6th of December, 1893. The box containing
the pictures was sent by the defendant, on its delivery
wagon, to the boarding house in Sumter, S. C., of the plain-
tiff, but she was not present at the time, and the same was
returned to the express office of the defendant. The plain-
tiff, learning that the box containing the pictures was in
the hands of the defendant, went to its place of business,
and requested that the same be kept there for her, alleging
as her excuse therefor, either that the charges for transpor-
tations, to wit: $1.65, were not convenient for her to pay

at that time, or, as she suggests, that her place of residence in said town was so often changed, it was not convenient for her to take them.    The defendant claimed that once or twice her attention was called to the same, but on the 17th day of November, 1894, the said package, along with 168 others, was sold by the defendant at a public sale.    The plaintiff claimed that she had no notice of this sale, and, indeed, only learned of the same some time after it happened by the admission of the defendant.    She, through Mr. D. J. Auld and her attorney, Mr. Richard D. Lee, went to the defendant afterwards to get the pictures, but, of course, the defendant could not deliver the same, having already sold them, and no record was kept by it to show to whom the same were sold.    Thereupon the plaintiff brought an action in the nature of an action for trover, alleging her damages for the unlawful conversion at the sum of $2,000. The action was tried before Judge Buchanan and a jury, at Sumter, in the Court of Common Pleas, on the 14th day of March, 1896, and resulted in a verdict for the plaintiff for $500.    After judgment, the defendant appealed to this Court on several grounds, and they may be stated as follows: First. Errors of the Circuit Judge in admitting certain testimony.    Second. Error in the Circuit Judge in refusing a motion of nonsuit.

As to the first group of exceptions.    They are embraced in the 5th, 6th, 7th, 8th, and 9th grounds of appeal.    The fifth exception complains that the plaintiff, while on the stand as a witness, was allowed, against defendant's objections, to testify as to what occurred between defendant and plaintiff in May, 1893, when the plaintiff sent through the express company these pictures to Chicago.    The object of this testimony was to show that the defendant knew of their value, having been insured by such express company at $500.    We do not know that the plaintiff could have shown the value of these pictures in any better way than to show what estimate was placed upon them by the plaintiff and defendant while acting in concert.    We

do not mean to say that this estimate was absolute and con-clusive as to value, for it was in the power of either party to show by testimony a greater or less value than this amount for which the property was insured, yet such testi-mony was perfectly competent to show that at one time, a few months before the property was sold, it had been valued by both at $500.

The sixth exception varies somewhat the terms of the fifth exception, which we have just considered, by suggest-ing that by reason of the admission of this matter of insur-ance of these pictures in May, 1893, it was made to apply to another shipment, to wit: that in December, 1893. To make this plain, we will say that the pictures, when boxed up at the World's Fair in December, 1893, for the purpose of returning the same to the owner, the plaintiff, at Sumter, S. C., were first delivered to the Adams Express Company (which was a corporation distinct from the defendant), and such Adams Express Company transferred the same to the defendant express company, and at the trial here the defendant insisted that the fact of the delivery by the Adams Express Company to the defend-ant had not been proved. In other words, it was contended that although the defendant admitted it had a box for the plaintiff, yet that it was the box containing plaintiff's pic-tures, which had been exhibited at the World's Fair, was not established. There was testimony at the trial tending to establish this fact, and the plaintiff testified that she in-formed the defendant that the contents of the box were her pictures, which had been exhibited at the World's Fair, which pictures had been placed in a box in the presence of the agent of the defendant at Sumter, S. C., in May, 1893, when they were first shipped. The testimony, even from this standpoint, as suggested by this exception, was com-petent; its value was for the jury. No requests to charge upon the value of such testimony was made of the Circuit Judge by either party to the action.

The seventh exception complains that the Circuit Judge

erred in admitting the testimony of the plaintiff as to a verbal contract made by her with the agent of the defendant at Sumter, S. C., before the original contract under which the defendant was alleged by her to have received her property when shipped from Chicago. The question asked the witness was: "They (the pictures) had gotten back from Chicago?" Answer: "Yes, they had gotten back, and I asked Mr. Spann (defendant's agent at Sumter, S. C.) to take care of them for me, and he said that he would." It seems that the defendant never denied, and under the facts proved could not deny, that it held a box belonging to the plaintiff. Under our view of the law governing cases of trover, it matters not how the property belonging to the plaintiff reached the possession of the defendant. The gist of trover consists in the unlawful conversion of such property by the defendant. So that, strictly speaking, the contract with Adams Express Company was not material to the issue. We should say, however, that it was proved by this company, in the deposition of one of its agents taken at Chicago, that it received this property of the plaintiff as a common carrier, to be delivered to her at Sumter, S. C. The same property was, a few days afterwards, received by the defendant at Sumter, S. C., and such common carrier notified the plaintiff that it had in its possession her property. Such being the facts, we do not see that the objection had any vitality. The plaintiff did not seek to prove that her property was in *Mr. Spann's hands*, or that he, as an individual, had agreed to take care of her property until she should call for it, for Mr. Spann did not represent himself; he represented the defendant. He did not, as an individual, sell her property; the defendant confesses that the sale was made by it, and seeks now to justify the sale made by it.

The eighth exception amplifies the seventh by saying that the testimony then objected to ought not to have been received without the plaintiff first proving that such contract by Mr. Spann was within the scope of his

agency for defendant; that defendant authorized such contract to be made, or ratified and confirmed it.   Our remarks in connection with the previous exception dispose of the contention embodied in this exception.   Mr. Spann, as an individual, is not pursued in this action; it is the Southern Express Company who is the defendant here.   If Mr. Spann had any connection with plaintiff's property, it was as the agent of the defendant.   Besides all this, the defendant admits its possession of this property until the day in the month of November, 1894, when it was sold by the defendant, and, therefore, any such contention is without foundation—we mean, the contention that any contract was made by Spann as an individual with the plaintiff.

The ninth exception complains of error in the Circuit Judge in refusing to allow defendant's witness, J. M. Spann, to answer this question: "Mr. Spann, do you know if there was any notice—whether Miss Girardeau had any notice of this sale; what is the general rule preceding these sales made by the express company?"   Now, in justice to the Circuit Judge, it must be here stated that throughout this trial the defendant admitted that it did not make the sale under the provisions of the statute law of this State governing sales of personal property in the hands of express companies where the charges have not been paid thereon; and it further admitted that it had not complied with such requirements of the statute.   Such being the fact, it was not competent for defendant to prove any of its rules governing such sales.   The law of this State governs such matters.   Corporations must obey the law just as natural persons do.   But, in addition to this view, the "Case" shows that the Circuit Judge allowed the witness, Mr. Moore, to testify that he, as the agent of the defendant, prepared and placed in the mail a notice addressed to the plaintiff notifying her of this sale, and also that he posted certain notices at certain points in Sumter, S. C., relating to such sale.

Second.  As to the alleged errors in not granting motion

for a nonsuit. The first exception alleges "that there was no evidence submitted by the plaintiff to prove the contract set out in the complaint, under which the said alleged works of art were transported to Sumter, S. C." It needs no citation of authority to show that it is now settled law in this State, that a Circuit Judge cannot grant a nonsuit if there is any evidence as to the material facts in a cause. The complaint, in this instance, does set out that the defendant agreed to transport the personal property involved in this action from Chicago, in the State of Illinois, to the city of Sumter, in the State of South Carolina, and couples this statement with the allegation that such property was transported by the defendant to its point of destination; but with these foregoing allegations, the plaintiff adds these: "That," after the defendant had such property at its office in Sumter, S. C., "the plaintiff was then and there, and at all times thereafter, the owner of and entitled to the immediate possession thereof, and made demand upon the defendant for the possession of the same, but the said defendant has failed and refused wrongfully to deliver the possession thereof to the plaintiff; but, on the contrary, afterwards, to wit: on the 17th day of November, 1894, at the city of Sumter, in the said county of Sumter, and State of South Carolina, the said defendant being then and there in the possession of the said works of art, the property of the plaintiff, of the value aforesaid, then and there unlawfully converted, sold, and disposed of the same to its own use, to the damage of the plaintiff in the sum of $2,000." It is apparent that the statements in the complaint, concerning which the appellant complains that such were not proved, formed what is known as the *inducement*, to wit: "an allegation of a motive or an incitement to a thing, either to the making of a contract or the commission of a tort." It is not an essential to the *tort;* the tort in this instance is the wrongful conversion of plaintiff's property by the defendant for its own use, and those parts of the complaint quoted by us fully declare the same. Of

course, therefore, it was not an essential allegation—a material fact to be proved in the case at bar. Still, even if it were, the plaintiff had introduced some proof of it. Therefore, the Circuit Judge was not in error from either standpoint.

As to the second ground of appeal, we must overrule the same, because we find in the "Case" some proof that the box of the plaintiff was in the defendant's possession at Sumter, S. C., and that such box did contain the works of art described in the complaint.

The third ground of appeal is in these words: "Because there was no scintilla of evidence that the plaintiff ever demanded the said works of art, or of refusal on the part of defendant to deliver same, either before or after the alleged sale." As was stated by Mr. Justice Nott, in *James* v. *Duggan*, 1 McC., *430: "The object of the action (trover) is to try the right of property, and the object of the demand to afford the person in possession an opportunity to deliver it up without costs, if he have no claim. But where there is an unlawful conversion, no demand is necessary." The very recent case of *Ladson* v. *Mostowitz*, 45 S. C., 388, is to the same effect. In the case at bar, the defendant admitted that the property had been sold by its authority. The property was gone, and this, too, by the acts of the defendant. What necessity could there be to make a formal demand upon this common carrier for a delivery of plaintiff's property? What necessity could there be for the common carrier to refuse the delivery of the property? It would have been an idle ceremony.

The fourth ground of appeal cannot be considered by us, for in the "Case" it appears that the Circuit Judge declares that no such question was presented by the defendant in its motion for a nonsuit. This is the language of the "Case" on that point: "That at no stage of the case was any such point as that referred to in the fourth exception raised or taken by appellant's counsel." If such point or question was not presented to the Circuit Judge

when he was asked, by a motion therefor, to grant a non-suit, it cannot now be considered by this Court.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.