### 9409

#### NIXON & WRIGHT v. ROBINSON.

##### (89 S. E. 920.)

REPLEVIN— DEMAND— NECESSITY.— In an action of claim and delivery, where defendant alleged fraud and denied the right of plaintiffs to possession of the property by thus contesting the case upon the merits, he waived the right to insist upon the failure of plaintiffs to make a demand.

Before SHIPP, J., Barnwell, July, 1915. Appeal dismissed.

Action by Nixon & Wright against Alex. Robinson. Judgment for plaintiffs, and defendant appeals.

*Messrs. Thos. M. Boulware* and *J. O. Patterson,* for appellant, cite: 27 S. C. 240.

*Messrs. Bates & Simms,* for respondent, cite: 27 S. C. 243; 45 S. C. 388; 95 S. C. 33.

June 29, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action of claim and delivery. The defendant executed a mortgage on certain chattels, and it was afterwards assigned to the plaintiffs, who seized the property, which was replevied by the defendant.

The plaintiffs allege that they are the owners of the prop-

erty described in the complaint, that they are entitled to the immediate possession thereof, and that the defendant wrongfully withholds and detains the same. The defendant filed an answer in which he denied said allegations and alleged fraud in the execution of the mortgage.

At the hearing of the case, and after the arguments were concluded, permission was granted the defendant's attorney to file an additional argument in which he raised the point that there was no proof of demand for possession of the property, made before the commencement of the action. The following statement appears in the record:

"There is no testimony tending to prove that a demand was made by the plaintiff of the defendant for the possession of the property described in the complaint before this action was commenced by the service of the summons and complaint, but after the suit was brought the defendant made no tender of the property to plaintiffs, nor did he offer to return it, but he resisted the right of the plaintiffs to recover the property on account of the alleged fraud as set forth in his answer."

Judgment was rendered in favor of the plaintiffs for $650, the value of the property, and for $50 for unlawfully withholding the same.

The defendant appealed upon a single exception, to wit:

"That his Honor erred in not dismissing the complaint herein, on the ground that there is no proof of demand made by the plaintiffs for possession of the property in dispute before the commencement of this action."

In *Jones* v. *Dugan,* 12 S. C. L. (1 McCord) *430, the Court thus states the object of a demand:

"The law adjudges the possession to be in the person who has the right; and such constructive possession is sufficient to enable the owner to maintain an action of trover. The object of the action is to try the right of property, *and the*

*object of the demand to afford the person in possession an opportunity to deliver it up without costs, if he have no claim,* but where there is an unlawful conversion, no demand is necessary; and any withholding of the property against the will of the owner is evidence of conversion." (Italics added.)

This language is quoted with approval in the case of *Girardeau* v. *Express Co.,* 48 S. C. 421, 26 S. E. 711. The rule is thus stated in 28 Enc. of Law 687:

"Even if a demand was originally necessary, it is waived if the defendant in his answer sets up title in himself or otherwise shows that a demand would have been futile."

It will thus be seen that the object of the rule requiring a demand was to prevent a defendant who was willing to surrender possession of the property from being mulcted in costs. When it appears, however, that the defendant would not have surrendered possession if a demand had been made, then the rule is not applicable.

When the defendant alleged fraud, and denied the right of the plaintiffs to the possession of the property, he waived the right to insist upon the failure of the plaintiffs to make a demand by thus contesting the case upon the merits.

Appeal dismissed.