23926

Ralph D. CRANE and Anna M. Crane, Appellants v. CITICORP NA-
TIONAL SERVICES, INC., formerly doing business as Citicorp Accep-
tance Co., Inc., Respondent.

(437 S.E. (2d) 50)

Supreme Court

*Philip L. Fairbanks* of *Fairbanks & Lindsay, P.A.*, Beaufort, *for appellants.*

*Julianne Farnsworth* and *Paul D. Harrill*, of the *McNair Law Firm*, Columbia, *for respondent.*

Heard May 19, 1993.

Decided Aug. 23, 1993.

TOAL, Justice:

The issues presented in this appeal are whether a co-obligator of a debt secured by consumer goods without title or right to possession of the goods can (1) recover in conversion against the creditor's wrongful repossession under the South Carolina Consumer Protection Code, or (2) recover under the statutory penalty provided in the Uniform Commercial Code for the creditor's failure to provide notice of the sale of the collateral.

## FACTS

The Cranes purchased a mobile home on an installment sales contract and security agreement. The contract was immediately assigned to Citicorp by the Cranes' seller. Approximately one year later, the Cranes sold their interest in the mobile home to Allen but remained co-liable with Allen to Citicorp under the sales contract. Several years later, Allen defaulted on the payments. Citicorp repossessed the mobile home and sold it at a private sale. The Cranes maintain Citicorp did not give them notice of their right to cure or notice of subsequent private sale. The Cranes brought two lawsuits against Citicorp: one alleging a violation of the South Carolina Consumer Protection Code and defamation, and a second suit alleging a violation of the Uniform Commercial Code. The two cases were consolidated.

Cross motions for summary judgment were filed. Citicorp's motion was granted on all three causes of action. The Cranes appeal the dismissal of their action for conversion under the Consumer Protection Code and their action for the statutory penalty under the Uniform Commercial Code.

## LAW/ANALYSIS

*Conversion under the Consumer Protection Code*

Section 37-5-111 of the South Carolina Consumer Protection Code requires a creditor to give the consumer a twenty-day notice period in which to cure a default prior to repossession. "Consumer" is defined as buyer, lessee, or debtor to whom credit is extended in a consumer transaction. S.C. Code Ann. § 37-1-301(10) (1989). "Debtor" is defined to include any obligor, including a cosigner, comaker, guarantor, endorsee or surety and assignee of any obligor, and also includes any person who agrees to assume the payments of a credit obligation. *Id.* § 37-1-301(14) (1989). Any repossession of collateral in violation of § 37-5-111 is void and the creditor is liable for conversion. *Id.* § 347-5-111(7) (1989).

The trial court held that Citicorp was not liable to the Cranes for conversion, as the Cranes did not have title nor a right to possession of the mobile home at the time of the alleged conversion. We agree. It is inferable from the legislature's use of the term "conversion" that it meant to

apply common law principles applicable to the tort and not to create a new action with undefined elements. Conversion is the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of the condition or the exclusion of the owner's rights. *Powell v. A. K. Brown Motor Co.*, 200 S.C. 75, 20 S.E. (2d) 636 (1942). To establish the tort of conversion, it is essential that the plaintiff establish either title to or right to the possession of the personal property. *Oxford Fin. Cos. v. Burgess*, 303 S.C. 534, 402 S.E. (2d) 480 (1991). As it is undisputed that the Cranes had no right to possession or title to the mobile home at the time of its repossession, the trial court correctly dismissed the conversion cause of action.

*Uniform Commercial Code Statutory Penalty*

Section 504(3) of the Uniform Commercial Code (hereinafter "Code") provides that a *debtor* is entitled to reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition of the repossessed goods is to be made. S.C. Code Ann. § 36-9-504(3) (Supp. 1992). The purpose of the notice is to allow the debtor to discharge the debt and redeem the collateral, produce another purchaser, or see that the sale is conducted in a commercially reasonable manner. *Buran Equip. Co. v. H & C Investment Co., Inc.*, 142 Cal. App. (3d) 338, 190 Cal. Rptr. 878 (1983).

The Code further provides:

> If it is established that the secured party is not proceeding in accordance with the provisions of this part no disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part. If the collateral is consumer goods, the *debtor* has a right to recover in any event an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time price differential plus ten percent of the cash price.

S.C. Code Ann. § 36-9-507(1) (Supp. 1992) (emphasis added). "Debtor" is defined in the Code as:

> the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts, contract rights, or chattel paper. *Where the debtor and the owner of the collateral are not the same person, the term "debtor" means the owner of the collateral in any provision of the chapter dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires. . . .*

S.C. Code Ann. § 36-9-105(d) (Supp. 1992) (emphasis added).

By selling the mobile home to Allen yet remaining liable on the sales contract, the Cranes are in the position of co-obligators similar to guarantors. The majority of courts have found guarantors are debtors under § 36-9-504(3) and thus entitled to notice. 9 Hawkland, *Uniform Commercial Code* § 9-105:05 n. 12 (1990); *see also Rhoten v. United Vir. Bank,* 221 Va. 222, 269 S.E. (2d) 781 (1980). We agree. As noted above, one purpose of the notice is to assure the sale is conducted in a commercially reasonable manner. 2 James J. White & Robert S. Summers, *Uniform Commercial Code* § 27-12, at 599 (1988) (hereinafter "White and Summers"). Persons with liability on the underlying obligation have a financial status in the creditor's disposition or sale of the collateral that is identical to the debtor's interest—liability for a deficiency. *Id.* at 604. Accordingly, they are entitled to the same notice protection. *Id.*

The question remains whether debtors for the purpose of notice also are debtors for the purpose of the statutory penalty related to consumer goods collateral. Since co-obligators are debtors for the purpose of notice, it must follow that the notice provision is related to the obligation under the definition of debtor. S.C. Code Ann. § 36-9-105(d) (1992). If the notice provision relates to the obligation, then it would seem logical that the penalty provision for breach of the notice requirements must also be related to the obligation, and therefore, applicable to co-obligators of consumer goods security agreements. Additionally, the statutory penalty is evidence of the legislature's recognition that the

small amount of compensatory damages that may be proven in a consumer goods repossession and sale would be insufficient to ensure creditor compliance with the Code's provisions. 2 White & Summers § 27-18 at 623. This rationale is as applicable to co-obligator as it is to owner debtors. *Accord Rhoten, supra.*

Citicorp argues that because there is no limit to the number of co-obligators liable on a contract, its liability could be great in cases of multiple guarantors. However, the number of guarantors is within the creditor's control.

Accordingly, we reverse the granting of a summary judgment on the Commercial Code cause of action and remand the case to the trial court for further proceedings consistent with this opinion.

Affirmed in part, reversed in part.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.