THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
David B. Crockett,       
Appellant,
 
 
 

v.

 
 
 
Carolina First Bank, Defendant and Third Party Plaintiff, David W. Bowers 
 and Kenneth F. Crockett, Third Party Defendants,       
Respondents.
 
 
 

Appeal From Newberry County
James W. Johnson, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-522
Submitted September 15, 2004  Filed October 14, 2004

AFFIRMED

 
 
 
Samuel M. Price, Jr., of Newberry, for Appellant.
Edward M. Woodward, Jr., of Columbia and Wallace K. Lightsey 
 and William P. Crawford, both of Greenville, for Respondent.
 
 
 

PER CURIAM: David B. Crockett brought suit 
 against Carolina First Bank seeking a finding that his signature on stock certificates 
 was a forgery and directing the bank to redeem his shares of stock.  The trial 
 court dismissed the case pursuant to Rule 12(b)(6), SCRCP, finding the complaint 
 failed to allege facts sufficient to constitute a cause of action.  We affirm. [1] 
FACTS
In his complaint, Crockett alleged he 
 was the owner of 1,000 shares of stock in Midlands National Bank, which merged 
 in 1995 with Carolina First.  He maintained his brother absconded with [his] 
 legal papers including, but not limited to, the aforementioned shares.  In 
 July of 1999, Crockett discovered his shares had been redeemed by the bank.  
 Crockett claims his brother forged his signature to endorse the shares.  Crocketts 
 complaint states the forged signature was guaranteed by David Bowers, the former 
 President and CEO of Midlands National Bank.  The complaint further indicates 
 that Crockett is currently in possession of the original shares and has asked 
 Carolina First to redeem them, but that Carolina First refused. Accordingly, 
 Crockett asks the court to declare that his signature was forged and to require 
 Carolina First to honor the original certificates of stock and redeem the original 
 certificates of stock and pay to [Crockett] the amount wrongfully paid to [Crocketts 
 brother], his successors or assigns.  
After answering and filing a third-party 
 complaint, Carolina First moved to dismiss the appeal based on Rule 12(b)(6), 
 SCRCP.  Carolina First asserted the complaint failed to set forth a viable claim 
 against the bank because it was not involved in any of the alleged wrongdoing, 
 the claim was barred by the statute of limitations, and Crockett lacked standing 
 to assert liability based on the guaranty pursuant to section 36-8-306 of the 
 South Carolina Code (2003).  
The trial court granted the motion to dismiss, 
 finding:  (1) the allegations in the complaint did not set forth a legally viable 
 claim; (2) Carolina First was not liable to Crockett under the guaranty; (3) 
 Crockett failed to follow the statutory procedure for dealing with lost or stolen 
 stock certificates under section 36-8-405 of the South Carolina Code (2002); 
 and (4) Crockett was prohibited from bringing a claim against the bank under 
 section 36-8-406 of the South Carolina Code (2002).  This appeal followed.  

STANDARD OF REVIEW
The trial court may dismiss a claim when 
 the defendant demonstrates the plaintiffs failure to state facts sufficient 
 to constitute a cause of action in the pleadings filed with the court.  Rule 
 12(b)(6), SCRCP.  The trial court must dispose of a motion for failure to state 
 a cause of action based solely upon the allegations set forth on the face of 
 the complaint.  Brown v. Leverette, 291 S.C. 364, 366, 353 S.E.2d 697, 
 698 (1987).  The motion cannot be sustained if facts alleged in the complaint 
 and inferences reasonably deducible therefrom would entitle plaintiff to any 
 relief on any theory of the case.  Id.  All properly pleaded factual 
 allegations are deemed admitted for the purpose of considering a motion for 
 judgment on the pleadings.  Russell v. Columbia, 305 S.C. 86, 89, 406 
 S.E.2d 338, 339 (1991).
LAW/ANALYSIS
Crockett contends the trial court erred 
 in dismissing his case.  We disagree.
Arguably, Crocketts assertion of liability 
 in his complaint could be characterized as the following three possible causes 
 of action: negligence, conversion, or liability based on David Bowers signature 
 guaranty.  However, Crocketts complaint fails to state facts sufficient to 
 constitute any of these causes of action.
To make a claim for negligence, Crockett 
 would need to allege in the complaint that (1) Carolina First owed a duty of 
 care to him, (2) Carolina First breached the duty by a negligent act or omission, 
 (3) Carolina Firsts breach was the actual and proximate cause of Crocketts 
 injury, and (4) Crockett suffered an injury or damages.  Steinke v. South 
 Carolina Dept of Labor, Licensing and Regulation, 336 S.C. 373, 387, 520 
 S.E.2d 142, 149 (1999).  As the trial court found, Crocketts complaint fails 
 to allege a duty of care Carolina First breached when it redeemed the shares 
 based on an endorsement that was allegedly forged. [2]   Accordingly, the complaint does 
 not set forth a claim of negligence.
The complaint also fails to 
 establish a viable claim of conversion against the bank.  Conversion is the 
 unauthorized assumption and exercise of the right of ownership over goods or 
 personal chattels belonging to another.  Jones v. Equicredit Corp. of S.C., 
 347 S.C. 535, 544-545, 556 S.E.2d 713, 718 (Ct. App. 2001) (citing Crane 
 v. Citicorp Natl Servs., Inc., 313 S.C. 70, 73, 437 S.E.2d 50, 52 (1993)).  
 While Crockett may have a claim of conversion against his brother, he has failed 
 to allege how Carolina First has exercised the right of ownership over his certificates.  
 Therefore, Crockett has failed to state a viable claim of conversion.
Finally, the complaint seems to allege 
 Carolina First is liable on the signature guaranty of David Bowers.  However, 
 as the trial court noted, section 36-8-306(h) states:  

The warranties under this section are made to a person 
 taking or dealing with the security in reliance on the guaranty, and the 
 guarantor is liable to the person for loss resulting from their breach. An indorser 
 or originator of an instruction whose signature, indorsement, or instruction 
 has been guaranteed is liable to a guarantor for any loss suffered by the guarantor 
 as a result of breach of the warranties of the guarantor.

S.C. Code Ann. § 36-8-306(h) (2003) (emphasis added).  
 Crockett cannot state a claim under this section against Carolina First because 
 the benefit of the guaranty does not run to him.   
As we cannot deduce a viable 
 legal claim stated in the complaint, we find the trial court properly dismissed 
 the action pursuant to Rule 12(b)(6), SCRCP. 
 [3]   Accordingly, the trial courts dismissal is 
AFFIRMED.
HEARN, C.J., HUFF and KITTREDGE, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 
 [2] In his brief, Crockett contends that the trial court found no duty 
 of care solely because Midlands National Bank had merged into Carolina First.  
 He therefore argues that Carolina First assumed all of Midlands National Banks 
 liabilities.  However, Crocketts complaint fails to allege any legal duty 
 running between him and either Carolina First or Midlands National 
 Bank.  Thus, despite the merger, Crocketts complaint fails to allege a viable 
 cause of action.

 
 
 [3] As we affirm based on the failure of the complaint to state a claim 
 under Rule 12(b)(6), we need not address the remaining grounds for dismissal 
 offered by the trial court in the order of dismissal.  See Futch 
 v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 
 591, 598 (1999) (ruling that an appellate court need not review remaining 
 issues when disposition of prior issues is dispositive).