656 S.E.2d 380

**Mary Lou MOSELEY, Petitioner,**

**v.**

**Jim OSWALD, Respondent.**

**No. 26420.**

Supreme Court of South Carolina.

Heard Dec. 6, 2007.

Filed Jan. 22, 2008.

Rehearing Denied Feb. 21, 2008.

William E. Booth III, of West Columbia, for Petitioner.

Blaney A. Coskrey III, of Columbia, and Ralph Shealy Kennedy, Jr., of Batesburg–Leesville, for Respondent.

Chief Justice TOAL.

In this case, Petitioner Mary Lou Moseley filed a conversion action against Respondent Jim Oswald. The trial court granted Respondent's motion for summary judgment, and the court of appeals affirmed on the basis that Petitioner failed to present any evidence that Respondent owned the land on which Petitioner's chattels were stored. *Moseley v. Oswald,* Op. No.2005–UP–530 (S.C. Ct.App. filed September 16, 2005). This Court granted certiorari to review the court of appeals' decision. We reverse.

### FACTUAL/PROCEDURAL BACKGROUND

In April 1998, Oswald Wholesale Lumber, Inc. ("Oswald Lumber"), of which Respondent is the president, purchased a large tract of land from Petitioner's son. In October 1998, Petitioner filed a conversion action against Respondent alleging that Respondent refused to allow her to take possession of seven automobiles and various pieces of furniture stored on the property. Respondent filed a motion for summary judgment, arguing that Oswald Lumber, and not Respondent individually, owned the property. The trial court held that because Petitioner could not show that Respondent owned the property, there was no evidence that Respondent converted Petitioner's personal property, and Respondent was therefore entitled to summary judgment. The court of appeals affirmed, holding that there was no evidence to support Petitioner's allegation that Respondent owned the property and that Petitioner presented no admissible evidence that Respondent exercised control over her personal property.

This Court granted certiorari, and Petitioner presents the following issue for review:

Did the court of appeals err in affirming the trial court's grant of summary judgment based on Petitioner's failure to produce evidence that Respondent owned the land on which her personal property was stored?

## STANDARD OF REVIEW

█  Summary judgment is appropriate where there is no genuine issue of material fact and it is clear the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Koester v. Carolina Rental Ctr.*, 313 S.C. 490, 493, 443 S.E.2d 392, 394 (1994).

## LAW/ANALYSIS

█  Petitioner argues that the court of appeals erred in affirming the trial court's grant of summary judgment based on ownership of the real property on which Petitioner's personal property is stored. We agree.

██  Conversion is defined as the unauthorized assumption in the exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the owner's rights. *SSI Med. Servs., Inc. v. Cox*, 301 S.C. 493, 498, 392 S.E.2d 789, 792 (1990). To establish the tort of conversion, the plaintiff must establish either title to or right to the possession of the personal property. *Crane v. Citicorp Nat'l Servs., Inc.*, 313 S.C. 70, 72, 437 S.E.2d 50, 52 (1993) (superseded by statute on other grounds).

█  In our view, the courts below erred in hinging their decisions on the fact that Oswald Lumber, and not Respondent individually, owns the property on which Petitioner's chattels are stored. While ownership of the real property may be relevant, a conversion action does not depend on who owns the real property on which the automobiles and other items are stored. Rather, the issue in a conversion action is whether Respondent exercised unauthorized control over Petitioner's personal property. *See SSI Med. Servs., Inc.* (holding that an action for conversion may arise by some illegal use or misuse, or by illegal detention of another's chattel).

█  Moreover, the record reveals that there are several genuine issues of material fact regarding Petitioner's conversion claim. Specifically, Petitioner produced evidence showing that she holds title to the automobiles and owns the furniture,

and Respondent testified in his deposition that he attempted to sell one of the automobiles. Furthermore, there is evidence that Respondent refused to allow Petitioner to retrieve the automobiles and furniture from the property. Respondent argues that summary judgment is appropriate because a careful review of the record shows that Petitioners son demanded return of the automobiles on behalf of Petitioners husband and not on behalf of Petitioner and that Petitioner has never specifically demanded the return of the items to which she currently is referring. We reject Respondents argument. Clearly, Respondent is on notice of the items that Petitioner alleges belong to her. Therefore, we hold that the trial court erred in granting Respondents motion for summary judgment.

### CONCLUSION

For the foregoing reasons, we reverse the court of appeals' decision.

MOORE, WALLER, PLEICONES, JJ., and Acting Justice ALISON RENEE LEE, concur.