THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 John Thomas Meehan, IV, Appellant,
 v.
 Robert N. Newton, Jr., Mary E. Meehan, Jerry Meehan and Janet Dorado, Respondents.
 
 
 

Appeal From Anderson County
J. C. Buddy Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-325
Submitted November 3, 2010  Filed June 27, 2011

AFFIRMED

 
 
 
 Druanne Dykes White, of Anderson, Moffatt G. McDonald, of Greenville, and Robert Wallis Cone, of Greenwood; for Appellant.
 J. Calhoun Pruitt and Thomas W. Dunaway, III, both of Anderson; for Respondents.
 
 
 

FEW, C.J.:  Mary Meehan permitted her son, John Meehan, III, to store property on her real estate for many years.  A family dispute arose
and John claims he was not allowed to retrieve his property.  John alternately claims he gave and sold this personal property to his son, John
"Jay" Meehan, IV.  Jay then sued his grandmother Mary Meehan, his uncle Jerry Meehan, his aunt Janet Dorado, and Robert Newton, an innocent
purchaser of Mary's real estate.  The lawsuit alleged unjust enrichment and conversion for the unauthorized possession of three categories of personal
property: 1) antiques allegedly purchased by John over many years; 2) cows allegedly given to John by Mary after the death of John Meehan, II, who was John's
father and Mary's husband; and 3) Jay's personal belongings that were left in Mary's home.  The lawsuit proceeded to trial.  At the close of the
plaintiff's case, the trial court granted a directed verdict on both theories of recovery as to each of the four defendants.  Jay Meehan appeals and we
affirm.[1]
A plaintiff must prove he has the legal right to possess the property in order to recover for either unjust enrichment for the unauthorized possession of
property or for conversion.  Moseley v. Oswald, 376 S.C. 251, 254, 656 S.E.2d 380, 382 (2008).  Under Jay's theory of the case, both the
antiques and the cows were initially owned exclusively by John Meehan, not Jay Meehan.  It is not clear whether Jay claims the legal right to possess this
property by gift from John or by sale.  The law does not support the claim under either theory.  Jay could not have obtained the property by gift
because he never took actual possession.  See Baptist Found. for Christian Educ. v. Baptist Coll. at Charleston, 282 S.C. 53, 58, 317 S.E.2d
453, 457 (Ct. App. 1984) (requiring immediate transfer of possession to complete gift).  The theory that Jay obtained the property by sale is refuted for
two reasons.  First, the alleged written agreement detailing the sale of the disputed property is not in the record.  See Rule 1002, SCRE
("To prove the content of a writing . . . the original writing . . . is required . . . .").  Second, the agreement was not made until after Jay
completed the work for which he was allegedly being compensated.  "Promises made on a consideration that is wholly past, without any new consideration
moving to it, are void, as being without consideration."  Jackson v. Carter, 128 S.C. 79, 86,121 S.E. 559, 562 (1924) (quoting Garrett
v. Stuart, 1 McCord 514 (1821)).  Thus, we affirm the directed verdict as to each of the four defendants with regard to the categories of property that
included the antiques and the cows.
Because Jay failed to demonstrate a legal right to possess either the antiques or the cows, we address the remaining issues with regard only to his personal
effects.  Jay Meehan concedes, "Judge Nicholson was correct that where there is a voluntary bailment, the law expects a demand."  See
Roberts v. James, 160 S.C. 291, 158 S.E. 689, 691 (1931).  ("Trover will not lie against one rightfully in possession.  Such possession
must first be transformed into a wrongful one by a refusal to surrender the property.").  We conclude this concession applies to both conversion and
to unjust enrichment when the claim is that the defendant unlawfully retained possession of personal property.
We find that neither Jerry Meehan nor Janet Dorado ever possessed any of Jay's personal property.  While it appears that both assisted their mother with
various tasks as she moved out of her home, providing such assistance does not mean either exercised possession or detained any of Jay's personal
belongings.  See Regions Bank v. Schmauch, 354 S.C. 648, 667, 582 S.E.2d 432, 442 (Ct. App. 2003) ("Conversion may arise by some
illegal use or misuse, or by illegal detention of another's personal property."); Gignilliat v. Gignilliat, Savitz & Bettis, L.L.P., 385
S.C. 452, 467, 684 S.E.2d 756, 764 (2009) (holding that to prevail under a theory of unjust enrichment, a plaintiff must demonstrate: (1) a benefit
conferred by plaintiff upon the defendant; (2) realization of the benefit by the defendant; and (3) retention of the benefit by the defendant under
circumstances that make it inequitable for him to retain it without paying its value (internal citations omitted)).    Without proof that either
of these defendants possessed Jay's personal effects, Jay's claims against Jerry Meehan and Janet Dorado fail and we find that it is not necessary to determine
whether a demand was made.  Thus, the directed verdict was the appropriate ruling as to both theories of recovery as to Jerry Meehan and Janet Dorado for
this final category of property, Jay's personal effects.
After Robert Newton purchased Mary Meehan's real estate, the personal effects remained on the property until Jerry Meehan attempted to move the property at
Mary Meehan's request.  The record does not support the inference that Newton illegally detained Jay's personal effects, and we find no evidence exists
that Newton either converted or was unjustly enriched by Jay's personal effects.  We find this claim to be manifestly without merit.  See Rule
220(b)(2), SCAR ("The Court of Appeals need not address a point which is manifestly without merit.").
The record does not support the inference that Jay made a demand on Mary for their return.  Jay claims that he and John made a demand in February 2004
when they visited Mary Meehan's real estate and found movers removing personal property from Mary's house.  Jerry Meehan was present and Janet Dorado and
Mary Meehan arrived later.  John demanded to Jerry that the antiques be placed back in Mary's house and the movers complied with John's request.  Jay
contends that this constitutes a demand for the return of all of the disputed property.  We find the only interpretation of the statements made by John to
be a request that the property be placed back in the possession of Mary Meehan, who was allegedly the bailee of the property.  Thus, we find the trial
court was correct that neither Jay nor John ever made a demand for the return of any property.
Jay also claims that a demand would have been futile and that the issue should have been submitted to the jury.  See Nixon & Wright v.
Robinson, 104 S.C. 376, 378, 89 S.E. 320, 320 (1916) ("Even if a demand was originally necessary, it is waived if the defendant in his answer sets up
title in himself or otherwise shows that a demand would have been futile.").  We disagree.  Jay makes no claim, and offers no evidence, that Mary
claimed title to or otherwise claimed ownership over the category of property that included Jay's personal belongings.  Therefore, we conclude the record
does not support the claim that a demand for his personal property would have been futile.  Thus, the trial court was correct in granting a directed
verdict as to all claims against all defendants. 
Finally, Jay argues that the trial court erred in directing a verdict in favor of the defendants sua sponte.  We disagree with this characterization.
 See Black's Law Dictionary 1560 (9th ed. 2009) (defining "sua sponte" as "[w]ithout prompting or suggestion; on its own
motion.").  Rather, each of the four defendants moved for a directed verdict.  During argument on these motions, the trial judge explained that
he thought a demand was necessary to establish a claim for conversion[2] and allowed the attorneys to consider this
point of law and respond.  We find this was within his discretion.
AFFIRMED.
SHORT and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Jay concedes the trial court's statement of the law was correct.